[Crim. No. 1781. In Bank.—December 17, 1913.]

## THE PEOPLE, Respondent, v. LEE NAM CHIN, Appellant.

CRIMINAL LAW—INSTRUCTION—FLIGHT OF DEFENDANT—ABSENCE OF PREJUDICE.—Although this court has admonished against the giving of any instruction in a criminal prosecution on the subject of flight, for the reason that it invades the province of the jury to weigh the evidence, still a conviction will not be reversed solely because such an instruction has been given, unless it appears that the defendant has been prejudiced thereby.

ID.—KNOWLEDGE OF DEFENDANT OF KILLING AND OF BEING CHARGED THEREWITH—INSTRUCTION WITHOUT PREJUDICE.—In a prosecution for murder, the failure of the court in instructing the jury on the subject of the defendant's flight, to specifically inform them that before they could take into consideration any of the circumstances with reference to his flight, they must first find that he knew that the deceased had been killed and that he was charged with having done it, will be deemed without prejudice, if it appears that under the evidence in the case, which by the terms of the instruction they were to take into consideration, the jury must necessarily have found these qualifications as to the knowledge of the defendant in connection with the claim of flight.

ID.—EVIDENCE—PHOTOGRAPHS OF WOUNDS ON BODY OF DECEASED.—In a prosecution for murder, photographs of the body of the deceased showing the entrance and exit of the bullet by which he was killed, are competent evidence as illustrating how he was killed.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order refusing a new trial. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

Lafayette J. Smallpage, and Gordon A. Stewart, for Appellant.

U. S. Webb, Attorney-General, J. Charles Jones, Deputy Attorney-General, and Edward Van Vrankan, Deputy District Attorney, for Respondent.

LORIGAN, J.—Appellant was convicted in the superior court of San Joaquin County of murder, sentenced to death, and from the judgment and the order denying him a new trial appeals.

The deceased, Kim Yuen, and defendant, both Coreans, were employed on a potato ranch in San Joaquin County, managed by a Chinaman, and some serious difficulty, inaugurated by defendant, occurring between them, the manager discharged the defendant. The next day—September 26, 1912—about noon, deceased and a number of Chinamen started in a wagon from the ranch to go to Walnut Grove, and the defendant accompanied them. After they had proceeded a short distance defendant left the wagon, claiming he had a headache which the riding aggravated, and that he would walk into town, a distance of about four miles. The others left him on the road and proceeded to Walnut Grove, from whence, about three o'clock, they started to return in the wagon to the ranch. While proceeding homeward two shots, one of which killed the deceased, were fired from a clump of bushes at the side of the road some seven or eight feet from the wagon, on the bed of which deceased was seated. Two of the Chinamen who were riding in the wagon with the deceased when the shots were fired testified that defendant did the shooting.

There was evidence tending to show that about four o'clock in the afternoon not long after the shooting, defendant reached the Eagle Tree Ranch, not far from the scene of the shooting, and employed some men engaged in operating a dredger to take him across the river in a boat to Tyler Island,

where he remained until about six o'clock in the evening, when he walked into Walnut Grove. About ten o'clock that night he was arrested, while proceeding to take a river boat for Sacramento. It further appeared that the route taken by defendant to reach Walnut Grove was more indirect and roundabout than had he proceeded along the road taken by the wagon; the latter was much shorter than the one taken by him across the river and through the fields, and would have brought him into Walnut Grove several hours earlier then he arrived. Defendant, as a witness in his own behalf, denied that he killed the deceased, or had any knowledge of his death until he was arrested and charged with it in Walnut Grove; that after he left the wagon he continued along the road it had taken for some distance; that in looking back as he proceeded he recognized a Chinaman coming along who had worked with him on the potato ranch and had the reputation of being a dangerous man; that he was fearful this Chinaman might attempt to rob him, and hence he left the road and took his way across the river and through the fields; that it was a longer route to Walnut Grove than by the road, and as he had a headache and walked slowly, he did not reach the latter place earlier than six o'clock in the evening.

Appellant does not question the sufficiency of the evidence to sustain the verdict against him, and we only make a general recital of it to present the situation under which the only points made by him are to be examined,—namely, that the court erred in an instruction to the jury, and likewise erred in ruling on the admission of certain exhibits.

The instruction complained of was one on the subject of "flight," regarding which the court charged as follows:

"The flight of a person immediately after the commission of a crime, or after a crime has been committed with which he is charged, is a circumstance to be weighed by the jury as tending in some degree to prove a consciousness of guilt, and entitled to more or less weight according to the circumstances of the particular case. Evidence of flight is received, not as a part of the *res gestae* of the criminal act itself, but as indicative of a guilty mind; and if you find, from the evidence in this case, that Kim Yuen was killed as charged in the information, and further find from the evidence beyond a reasonable doubt that, immediately after such killing, the de-

fendant fled and escaped from the place and vicinity of the killing, it is a circumstance to be weighed by you, gentlemen of the jury, as tending in some degree to prove consciousness of guilt. It is not sufficient of itself to establish the guilt of the defendant, but the weight to which that circumstance of flight, if you find it to have occurred, is entitled, is a matter for you to determine in connection with all the facts and circumstances proven in the case.''

In the recent cases of *People* v. *Jones,* 160 Cal. 358, [117 Pac. 176], and *People* v. *Sainz,* 162 Cal. 242, [121 Pac. 922], this court admonished against the giving of any instructions on the subject of flight, as an invasion of the province of the jury to weigh the evidence. But while we have discountenanced it for this reason, still we will not reverse a case solely because such an instruction has been given, unless it appears that the defendant has been prejudiced thereby.

Such prejudice is claimed to appear here, it being insisted that, as a matter of law, this instruction was erroneous because it failed to inform the jury that before they could take into consideration any of the circumstances with reference to said flight on the part of defendant, they must first find that the defendant knew that the deceased had been killed, and, further, that he was charged with having done it, and that the instruction in question does not contain a statement of these qualifications.

It is true, as asserted by the appellant, that an instruction on flight should contain these qualifications in order that it be legally sufficient. (*People* v. *Jones,* 160 Cal. 358, [117 Pac. 176].)

But it does not follow that prejudicial error is committed simply because the instruction is lacking in a specific direction to the jury on that subject. Notwithstanding the instruction may be defective because it omits to expressly declare the qualifications under which evidence of flight may be considered, still if it appears that under the evidence in the case which by the terms of the instruction they were to take into consideration the jury must necessarily have found these qualifications as to the knowledge of the defendant in connection with the claim of flight, then the omission to directly charge respecting them cannot be said to have been prejudicial to the defendant. That they must here have so found we think

apparent. It will be observed that while under the challenged instruction the jury were told that they might take into consideration evidence of flight, they were, however, expressly instructed that this evidence was not of itself sufficient to establish the guilt of the defendant; it was but a circumstance to be taken into consideration with all the facts and circumstances proven in the case. As the jury could not convict on evidence of flight alone they were required under this instruction itself to consider other evidence in the case which must so connect the defendant with the killing of the deceased as to make a consideration of the evidence of flight proper. That other evidence in the case tended to show that the defendant fired the shots that killed the deceased. The jury would not have been warranted in convicting the defendant unless they found that he had actually done the shooting. This being true, the jury must necessarily have found that the defendant at the time he is claimed to have fled had that knowledge of the killing of the deceased and that he was charged with it which would entitle them to consider the evidence of his flight. Hence, although the instruction omitted to expressly enjoin on the jury the necessity of a preliminary finding by them of such knowledge on the part of the defendant before the circumstance of his flight might be considered, still as the jury under the evidence and within the terms of the instruction necessarily must have found such knowledge, the omission could not have prejudiced the defendant.

The only other error claimed is as to the admission in evidence of certain exhibits consisting of photographs of the body of the deceased showing the entrance and exit of the bullet by which he was killed. They were introduced by the prosecution in its case in chief as illustrating how the deceased was killed and were competent evidence for that purpose.

The judgment and order appealed from are affirmed.

Melvin, J., and Henshaw, J., concurred.

SLOSS, J., concurring.—I concur in the judgment.

I do not assent to the doctrine that evidence of flight cannot be considered unless there be a showing that the defend-

ant knew, when he fled, that he was charged with the crime. Immediate flight, in the absence of any accusation—in advance, perhaps, of the possibility of an accusation, formal or informal—may afford very persuasive evidence of a consciousness of guilt. (Wigmore on Evidence, sec. 276.)

With regard to the other qualification referred to in the foregoing opinion, it is no doubt true that a mere departure from the vicinity of the alleged crime would have no logical tendency to prove guilt if the defendant, at the time of taking his departure, did not know that a crime had been committed. It would seem proper, therefore, to qualify the charge, if one is to be given at all, by telling the jury that flight is to be considered only where there is other evidence showing such knowledge on the part of the defendant. But this is almost necessarily implied in an instruction which tells the jury that evidence of flight is received only as "indicative of a guilty mind" and as "tending to prove a consciousness of guilt." It is hardly to be supposed that a jury so instructed will find that a consciousness of guilt has been indicated by any act done by one not shown to have been aware of the commission of the offense. In other words, the giving of the instruction in the form in which it was here given would not ordinarily work substantial prejudice to a defendant.

At any rate a reading of the record in this case has brought me to the opinion that the alleged error has not resulted in a miscarriage of justice, and that this court would not, therefore, in view of the provisions of section 4½ of article VI of the constitution, be justified in ordering a reversal.

Angellotti, J., and Shaw, J., concurred.