[Crim. No. 1913.   Second Appellate District, Division One.—August 27, 1930.]

## THE PEOPLE, Respondent, v. C. C. STAFFORD, Appellant.

W. Joseph Ford, J. F. Moroney and J. Vincent Hannon for Appellant.

U. S. Webb, Attorney-General, James S. Howie, Deputy Attorney-General, Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

YORK, J.—Defendant was found guilty by a jury of the crime of rape by force.

The first ground raised by appellant is that the story testified to by the prosecutrix is inherently improbable. Examination of the evidence shows that it is not inherently improbable. but that the evidence raised a question that was for the jury to determine—whether under all of the facts and circumstances testified to, the crime was actually committed. The jury's verdict shows that it did so find.

The contention of the appellant that the evidence showed that the prosecutrix did not make that resistance which the law requires before such a conviction can be sustained is probably answered by that portion of the prosecutrix's testimony wherein she testified that she was threatened by appellant and that he slapped her face and choked her. Although her story is unusual that she did not call out to people near or make any attempt to escape from him, nevertheless the jury must have found her evidence to be true. Whether the verdict of the jury was found by it upon the evidence or wholly upon the argument of the deputy district attorney is a question which has caused us to scan the whole record with extreme care.

It is contended by appellant that certain misconduct of the district attorney and certain errors complained of caused a miscarriage of justice, in that it caused the jury to believe the testimony of the prosecutrix which they might not have done except for such misconduct and such errors.

The third objection of the appellant is the direct complaint that the deputy district attorney was guilty of serious misconduct and that his misconduct prevented a fair and impartial trial, the appellant alleging as misconduct of the deputy district attorney his cross-examination of defense witnesses wherein he intimated to the witness and to the jury that he had rebuttal evidence rebutting the evidence that the witness was giving, and thereafter made no

attempt to introduce any such evidence. Also misconduct in commenting upon the evidence of defense witnesses during cross-examination of the witnesses; also misconduct in his closing argument to the jury, particularly citing as misconduct, first, that the deputy district attorney was guilty of misconduct in his closing argument to the jury in stating that the fact that the defendant took the stand in his own behalf was evidence of his guilt, and that the said deputy district attorney misrepresented the law in making such statement to the jury. Second, that the deputy district attorney was guilty of misconduct in calling to the attention of the jury matters *not in evidence,* some of which, indeed, could not have been legally introduced in evidence.

Had it not been for the question raised in this latter specification, the probability is that the former objections of appellant would not in themselves separately have been sufficient to cause a reversal of the judgment, but the statement amounting to testimony of the deputy district attorney given in his closing argument, when he stated to the jury that certain conferences were had between attorneys and witnesses in which he said the witnesses were instructed what to say, was highly improper and undoubtedly prejudicial to a fair and impartial decision by the jury. It consisted of a very vicious attack upon all of the attorneys for the defendant, and although it is true that an attack upon an attorney and not upon a client would not ordinarily require a reversal of a judgment, in that it would not necessarily be prejudicial to the defendant himself, yet in this case the charges made consisted mainly of a charge of subornation of perjury, purporting to give conversations between the attorneys and witnesses wherein they were conspiring together to produce the very evidence which was produced, *no evidence whatever being in the record to substantiate that any such conversations took place,* or to show any such conspiracy; charging J. Vincent Hannon with deliberate perjury in the case, when there was no testimony in the record refuting his testimony; charging Mr. Ford, an attorney for defendant, with the introduction of evidence by trickery, and charging a former deputy district attorney, who was one of the attorneys for the defense in the trial and a witness for the defendant, with having

concealed and manufactured testimony, without any proof whatever of such crime by such attorney being admitted into evidence, all of which statements he said he made as an official—as he told the jury—representing the People, and as such official, believing all of the testimony of the prosecutrix, would naturally cause the jury to place unusual and probably unwarranted confidence in the testimony of the prosecutrix and the statements of such official to them.

It is true that the ordinary baiting of attorneys or even vicious attacks upon them by prosecuting officers are not usually ground for reversal of a judgment. However, we believe, from our examination of the entire record in this case, that the misconduct complained of did actually result in a miscarriage of justice. A somewhat similar condition existed in *People* v. *Simon,* 80 Cal. App. 675 [252 Pac. 758, 760], in which the court said: "These remarks of the district attorney were not excepted to or assigned as prejudicial misconduct at the time, and the court was not then, or at any time, requested to specially instruct the jury to disregard the remarks of the district attorney; in fact, the matter was not called to the attention of the trial court at all, and the objection is raised for the first time in this court.

"It is a well established general rule in California that an assignment of misconduct and a request that the court admonish the jury to disregard the objectionable argument or remarks of the district attorney are necessary as a foundation for complaint of misconduct in this court. (Citing cases.) The reason for this rule being, as stated in a number of these cases, that the trial court should be given an opportunity to correct the abuse and thus, if possible, prevent by suitable instructions the harmful effect upon the minds of the jury.

"There is, however, a well recognized exception to this general rule, and the exception is simply this: Where an examination of the entire record fairly shows that the acts complained of are of such a character as to have produced an effect which, as a reasonable probability, could not have been obviated by any instructions to the jury, then the absence of such assignment and request will not preclude the defendant from raising the point in this court. (*People* v. *MacDonald,* 167 Cal. 551 [140 Pac. 256] ; *People* v. *Edgar,*

34 Cal. App. 459 [167 Pac. 891]; *People* v. *George* [72 Cal. App. 124, 236 Pac. 934], *supra; People* v. *Frank,* 71 Cal. App. 575, 585 [236 Pac. 189].)

"There can be no question but that the remarks of the district attorney were highly improper and constituted misconduct on his part.

"The question, however, that we are called upon to determine is whether from an examination of the entire record, including the evidence, we can say that the misconduct of the district attorney was of such a character that the harmful result therefrom could probably have been entirely obliterated from the minds of the jury if an opportunity had been given the trial judge and he had made timely and proper instructions to the jury. If this were reasonably possible, then the defendant cannot remain silent and take the chance of a favorable verdict, and, losing, urge as grounds for a reversal an error which, but for his silence, might have been entirely corrected. If, however, where it fairly appears as we think it does in the case at bar, all of the record, including the evidence, considered, that the remarks of the district attorney were a factor in influencing the jury in arriving at their verdict of guilty, such result is a miscarriage of justice and the judgment and order should be reversed. It might be added at this point that the remarks of the district attorney were, in our opinion of such a character that any attempted correction thereof by the trial court might well have had the effect of further imbedding in the minds of the jury prejudice against the Jewish people when they are accused of burning insured property."

Further on in this decision, the court continued on page 684:

"The learned deputy attorney-general seeks to avoid the prejudicial effect of the remarks of the district attorney upon two grounds: First, that no objection was made by the defendant, or his counsel, in the trial court. As we have already pointed out, it is not always essential that an exception and assignment of misconduct and request that the jury be instructed to disregard the improper remarks, in order to have such remarks reviewed by this court. It depends, as we have stated, upon the character of the

remarks and the reasonable probability of prejudice arising therefrom in the minds of the jury.''

It will serve no useful purpose for this court to discuss further the argument of the deputy district attorney, but for the purpose of a new trial hereof, it is sufficient to say that all of the language objected to by appellant was improper, and taken altogether, we believe caused a miscarriage of justice.

The judgment is reversed and the order denying a new trial is reversed and a new trial is ordered.

Conrey, P. J., and Houser, J., concurred.