[Crim. No. 2031.   Second Appellate District, Division One.—May 13, 1931.]

THE PEOPLE, Respondent, v. NEALY B. GRIGGS et al., Defendants; RAY AMARIAS, Appellant.

134

Cossack & Krumm for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

BISHOP, J., *pro tem.*—If the evidence is sufficient to support the jury's implied finding that appellant Amarias was the driver of the automobile to which his co-defendant Griggs ran, after an unsuccessful attempt to rob the complaining witness, the judgment must be affirmed. We find it sufficient.

The defendants were tried jointly on a charge of attempted robbery. From the evidence it appeared that the complaining witness, with $600 of her employer's money in a suitcase, was driving to work in a small coupe. A big sedan drove up, stopped in front of her, the co-defendant alighted, then the big sedan drove over to a near-by street. The co-defendant made an attempt to rob the complaining witness of her suitcase, but she resisted, physically and vocally, with the result that he gave up his endeavor and ran over to the waiting sedan and made his escape. This evidence was clearly sufficient to warrant the jury in concluding that an attempted robbery had taken place, and with other evidence justified the inference that the driver of the big sedan aided and abetted in its commission. If appellant was sufficiently identified as that driver his conviction must be upheld.

No one had a perfectly satisfactory look at the driver of the big sedan, but even so, there was plenty of evidence to support the jury's conclusion that appellant was the driver. Of importance was the testimony of one of the carpenters, who came to the rescue of the complaining witness,

that the appearance of the appellant and of the driver in question was similar, that he was not absolutely positive, but that he believed appellant was the party. This evidence was competent; the weight to be given it was a problem for the jury. (*People* v. *Rolfe*, (1882) 61 Cal. 540, 543; *People* v. *Flood*, (1919) 41 Cal. App. 373, 377 [182 Pac. 766]; *People* v. *Baker*, (1928) 94 Cal. App. 628, 633 [271 Pac. 765].) Of significance, because in harmony with this identification, was the proof that the big sedan was owned by appellant; he was driving it when arrested the evening of the day the robbery was attempted; at the time of his arrest there reposed in the tonneau of the car an automatic gun similar to that used by the co-defendant in the morning drama; he gave conflicting stories about his whereabouts with his co-defendant the night before; and he and his co-defendant lived together. ■ Several witnesses described the driver as a person dressed in a woman's clothes, but looking like a man. It was pertinent, in view of this circumstance, to prove that appellant had masqueraded as a woman a few months before the day in question. (*People* v. *Weber*, 149 Cal. 325, 337 [86 Pac. 671].) If it was error to allow testimony of another similar act four years earlier, it was due to its remoteness, and under the circumstances does not warrant a reversal. ■ Nor does the refusal of the court to strike the statement of a witness that "I thought it was a man," require us to set the judgment aside. The statement was made in answer to the question: "Did this party have the appearance of being a man or woman?" and the jury undoubtedly understood that if it was a conclusion, it was a conclusion based on an affirmative answer to the question asked.

We are of the opinion that the evidence is sufficient, and appellant has suffered no error prejudicial to his rights. The judgment and the order denying appellant's motion for a new trial, are affirmed.

Conrey, P. J., and Houser, J., concurred.