[Crim. No. 2643.   Second Appellate District, Division One.—April 10, 1935.]

THE PEOPLE, Respondent, v. HENRY ANTHONY PODWYS, Appellant.

Frederic H. Vercoe, Public Defender, and Erling J. Hovden, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

EDMONDS, J., *pro tem.*—The defendant was found guilty by the verdict of a jury of the crime of robbery on each of four separate counts, and of the crime of kidnaping for the purpose of robbery, on an additional count. Each count charged him with the prior conviction of a felony, which he admitted. A motion for new trial having been denied, defendant was sentenced, and has appealed from each of the judgments of conviction and from the order denying a new trial.

While appellant admits that the record contains sufficient evidence to sustain the verdicts, he contends that the district attorney was guilty of serious misconduct in the examination of witnesses and in his argument to the jury; that this was persistent, amounting to a course of conduct throughout the entire trial; and that a fair and impartial trial was not had for that reason.

The transcript of the proceedings shows continuous criticism of the public defender, representing the defendant, by the district attorney. When the public defender asked a perfectly proper question of a witness, the district attorney said, "Counsel, what is the purpose of that—just your dilatory tactics." Again, he said, "I don't understand your dilatory tactics," and at another point, "I don't understand your tactics." Later, the district attorney called defendant's counsel a "clown" and charged him with a "breach of professional ethics", for which there does not appear to have been the slightest foundation. At another time the district attorney said: "I am surprised the public defender would use the tactics he does—that is I am not surprised; I know him," and later stated: "This district attorney doesn't use the tactics you do."

These remarks, and comments made by the district attorney during the trial concerning the defendant's witnesses, taken separately, one by one, may not amount to more than what is, unfortunately a too common practice in the trial of cases. Making all due allowances for the fact that the district attorney was engaged in the prosecution of a defendant whom he believed was guilty under the evidence which he was presenting, it must be remembered that a conviction can only be justified by legal means. A prosecutor has no right to inject into the proceedings, by innuendo, such prejudice against the defendant or his counsel as prevents a fair and impartial trial.

There was no justification for this conduct on the part of the district attorney. As was pointed out in the case of *People* v. *Wells,* 100 Cal. 459, 465 [34 Pac. 1078, 1080]: "It is too much the habit of prosecuting officers to assume beforehand that a defendant is guilty, and then expect to have the established rules of evidence twisted, and all the features of a fair trial distorted, in order to secure a conviction. If a defendant cannot be fairly convicted, he should not be convicted at all; and to hold otherwise would be to provide ways and means for the conviction of the innocent."

As against the asserted lack of good faith on the part of defendant's counsel in the presentation of the evidence, the district attorney in his argument to the jury presented his own impeccable integrity and official rectitude. He said: "Counsel on several occasions cast reflections on the Dis-

trict Attorney, and let me tell you this, when first I went into that office as attorney for the People, I told several hundred that any time you can come to my office and any time you can show me that you have evidence in your possession that your client is not guilty, I will with great zeal and zest go into court and dismiss that case, and it will be dismissed; and if such a thing should happen that a man is convicted who is innocent, in the next fifty years, if you can prove to me that you have evidence in your possession that he was not guilty, you come and give it to me and if I believe that man is innocent, I will go to the Governor and see that a pardon is given—it will have to be given, and I will stay there on the State Capitol steps until they give me one. Because, why should I carry on my conscience twenty-four 'hours of the day the conviction of an innocent man, when there is no inducement and no other inducement? If fifty million dollars was laid on the plate, it wouldn't interest me in the least, because I think that much of my morality or the hereafter. What your creed or faith is, that is mine.''

There can be no excuse for such comment. In the case of *People* v. *Edgar,* 34 Cal. App. 459, 469 [167 Pac. 891, 894], the same kind of an argument was commented upon as follows: ''When the district attorney declared that he would not prosecute any man he did not believe to be guilty he thereby wrongfully placed his personal opinion of the guilt of the defendant in evidence in the case. He was privileged to argue to the jury that it was his opinion formed from deductions made from the evidence adduced at the trial that the defendant was guilty of the crime charged (*People* v. *Rogers,* 163 Cal. 476 [126 Pac. 143]); but his declaration to the jury that he would not prosecute any man whom he did not believe to be guilty was tantamount to an assertion that he believed in the guilt of the defendant at the very inception of the prosecution; and necessarily such belief must have been founded upon the result of the district attorney's original and independent investigation of the charge, and therefore in all likelihood was based, in part at least, upon facts which did not appear and which perhaps could not have been shown in evidence.''

Whether or not misconduct of a district attorney is cause for reversal rests largely upon the facts in each case. In

order to determine whether or not the trial of the defendant has resulted in a "miscarriage of justice", within the meaning of section 4½ of article VI of the Constitution, we have examined the entire record, including the evidence. From such examination it appears that verdicts in his favor would be supported by the evidence. The evidence presented by the People consisted in the main of the testimony of the victims of the robberies, whose identification of the defendant was by no means certain, and that of an accomplice who had been previously convicted of robbery other than that charged against the defendant. The accomplice's story of the happenings on the various occasions was not as clear and convincing as one might expect of a witness who had participated in such crimes. Moreover, the defendant offered by evidence of apparent reliability, an alibi for each one of the crimes charged against him.

That the evidence of the defendant's guilt was such as to make a jury hesitate to return verdicts of conviction is apparent from the record of the case. The case has been tried twice. On the first trial a jury disagreed after deliberating for a full court day. The verdicts which we are considering on this appeal were returned by a jury which went out at noon and returned with their verdicts at 11 o'clock at night, adding to the one on the fifth count, "by unanimous agreement of the jury leniency is hereby recommended".

We are convinced that the misconduct of the district attorney in this case weighed heavily against the defendant and may have brought about his conviction. The error has, therefore, resulted in a miscarriage of justice entitling the defendant to a new trial. (*People* v. *MacPhee*, 26 Cal. App. 218, 226 [146 Pac. 522].)

The respondent concedes that the remarks of the district attorney were improper, but contends that as they were not objected to at the time they were made nor assigned as misconduct, the appellant cannot now take advantage of them. It is true that in a number of instances the record shows no objection by defendant's counsel. It is also true that on some occasions the district attorney persisted in his remarks concerning the defendant's counsel or the witnesses after objection had been sustained by the court and the jury admonished. The misconduct continued throughout the examination of the witnesses and the argu-

ment to such an extent that it is doubtful if any admonition by the court would have been sufficient to remove its effects.

The general rule is that any objectionable remarks or argument of the district attorney must be objected to at the time they are made, and the court requested to admonish the jury concerning them, before they can be made a ground for appeal. However, in the case of *People* v. *Stafford,* 108 Cal. App. 26 [290 Pac. 920], this court after stating the general rule, approved the exception stated in *People* v. *Simon,* 80 Cal. App. 675, 679 [252 Pac. 758], as follows: "There is, however, a well recognized exception to this general rule, and the exception is simply this: Where an examination of the entire record fairly shows that the acts complained of are of such a character as to have produced an effect which, as a reasonable probability, could not have been obviated by any instructions to the jury, then the absence of such assignment and request will not preclude the defendant from raising the point in this court." The record in this case clearly shows that it comes within this exception.

Other points raised by the appellant, afford substantial basis for challenging the verdicts on this appeal, but it is unnecessary to comment upon them.

The judgments and the order are reversed.

Conrey, P. J., and Houser, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 6, 1935.