[Crim. No. 2046.   First Appellate District, Division Two.—September 27, 1939.]

THE PEOPLE, Respondent, v. JOHN FREITAS, Appellant.

John H. Machado for Appellant.

Earl Warren, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

DOOLING, J., *pro tem.*—The defendant was convicted after a jury trial of a violation of section 270 of the Penal Code, failure to provide for a minor child. The child is illegitimate and appellant claims that the evidence is insufficient to prove: 1. that appellant is the father of the child,

and 2, that the failure to provide for the child was wilful and without lawful excuse.

Before the birth of the child the mother had charged appellant with a violation of section 268 of the Penal Code, seduction under promise of marriage. Appellant was held to answer on that charge, but the information was later dismissed on motion of the district attorney, the ground stated being the insufficiency of the evidence to justify his prosecution. The evidence given by the mother on the hearing before the committing magistrate on the seduction charge, and that given by her at the preliminary hearing and on the trial in the present action as to the number of claimed acts of intercourse with the appellant and the times when and circumstances under which they occurred was quite divergent, and in many respects contradictory; and the account given of appellant's claimed proposal of marriage was according to conventional standards unusual in that the complaining witness testified that appellant came to her home with appellant's sister, and without any preliminary ado asked her if she would marry him and that she accepted.

The parties are old country Portuguese and the complaining witness gave as an explanation of the inconsistencies in her testimony her lack of complete familiarity with the English language. In any event her testimony was not inherently incredible and its weight and credibility were for the jury. The evidence though weak is sufficient to support the jury's finding that appellant was the father of the child.

On the question of the wilfulness of appellant's failure to provide for the child, however, we believe the evidence is insufficient. No demand was ever made on the appellant to support the child. The mother's testimony to that effect was positive and unequivocal. Coupled with this lack of demand was the further fact that, with the exception of the evidence hereinafter referred to, there was (quoting from the attorney-general's brief) ''no evidence tending in the slightest degree to establish the fact that at any time prior to the filing of the Information he had any knowledge or had been informed that the child was to be born or had been born or was living or that the complaining witness had made any claim that he was the father of the child''. The only evidence worthy of the name relied on by the attorney-general to supply this admitted deficiency is: 1. Testimony of the complaining witness that when she was three months

pregnant she had gone to appellant's home and told him her condition and he had said that he would not marry her unless the law made him. This was prior to the bringing and dismissal of the seduction charge, and standing alone cannot be held to prove knowledge by appellant either that a child was afterwards born to the complaining witness or that the child, if born, was appellant's. ■ 2. An older daughter of the complaining witness testified that when the baby was five months old she sent a picture of the baby to appellant by mail with a piece of paper on which she wrote: "From your daughter Gene Marie Freitas." Appellant denied receiving this and the proof was obviously insufficient to raise a presumption of receipt. The witness did not testify in what manner or to what address this letter was directed. Her statement that she "mailed it to him" is her mere naked conclusion. Such language in an affidavit of service by mail would be patently insufficient and it would make a mockery of justice to sustain a conviction of crime on testimony which would not make even a *prima facie* showing of service of the most unimportant notice in a civil case. We conclude that there was a complete lack of evidence of the element of wilfulness.

■ In addition to this failure of proof of the element of wilfulness the state concedes that the district attorney in his argument to the jury overstepped the bounds of legitimate argument in stating repeatedly that unless appellant was compelled to support the child the state would have to do so and the jurors as taxpayers would thereby suffer. No objection was made to these statements at the time but before the jury was instructed, counsel for appellant, in the absence of the jury, objected to them and asked for a mistrial. Ordinarily the failure to make more timely objection would amount to a waiver but in a case as weak as this one it is doubtful if such misconduct, where a verdict of guilty was returned, could have been other than prejudicial or could have been cured by an admonition of the court.

The same comment is applicable to the answer of the complaining witness that the state was supporting her child. This answer was stricken out and the jury instructed to disregard it, but the error was aggravated by the district attorney's comment at the time, and after the court had ordered the answer stricken: "There is nothing else to do, the

child has got to eat;" and by the repeated references to the same fact in argument as above noted.

It is also conceded by the State that the trial court in two instructions to the jury in referring to the child as "Tillie Bernice *Freitas*" did so without any evidence that the child was known or called by the name of "Freitas"; and that it would have been better for the court not to give the following instruction: "You are instructed that proof of the omission by the defendant to furnish such necessary food, clothing, shelter, medical attendance or other remedial care for *his child* is *prima facie* evidence that such omission was wilful and without lawful excuse." By the italicized words in these several instructions the jury may well have understood that in the opinion of the court the fact of paternity was proved.

In a strong case an appellate court would be justified in holding that these errors were harmless, but in a case as weak as the record shows this one to have been we are satisfied that they could not have been other than prejudicial.

In our judgment this case falls within the rule announced in such cases as *People* v. *Podwys*, 6 Cal. App. (2d) 71 [44 Pac. (2d) 377] , *People* v. *Simon*, 80 Cal. App. 675 [252 Pac. 758] , and *People* v. *Stafford*, 108 Cal. App. 26 [290 Pac. 920], that where an examination of the record shows that from the weakness of the case and the prejudicial character of the errors no admonition could have cured them, then neither the failure to object nor the giving of an admonition will preclude the appellant from urging the errors on appeal.

For the reasons given the judgment appealed from is reversed.

Nourse, P. J., and Sturtevant, J., concurred.