[S. F. No. 15163. In Bank.—November 19, 1934.]

JACK D. GREEN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

R. Lee Bagby for Petitioner.

U. S. Webb, Attorney-General, James S. Howie, Deputy Attorney-General, Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

WASTE, C. J.—The petitioner, Jack D. Green, was jointly charged with John Francis Regan, by an indictment in two counts, and they were convicted in the respondent Superior Court of the crimes of murder in the first degree and burglary. The death penalty was imposed on each defendant for his participation in the murder, and on appeal this court affirmed the judgment and orders of the lower court. (*People* v. *Green et al.*, 217 Cal. 176 [17 Pac. (2d) 730].) After affirmance of the judgment, Regan was executed. On application by Green to his Excellency, Governor James Rolph, Jr., the chief executive commuted the sentence of Green from death to life imprisonment, with certain conditions and restrictions not here material. Since that time, petitioner has been, and now is, in the state prison at San Quentin, where he is serving out the commuted sentence.

After the affirmance of the judgment in this court, and subsequent to the commutation of the sentence to life imprisonment, Honorable B. Rey Schauer, judge of the respondent court by whom the trial of the indictment was conducted, and who, in the discharge of his official duty, had imposed the death penalty on the two defendants, issued an order resentencing the petitioner, and again fixing the death penalty. By this writ of review petitioner seeks an annulment of this last order of the respondent court.

It is the contention of the respondent that the petitioner has been "twice convicted," within the meaning of article VII of the state Constitution relating to the pardoning power of the chief executive. The commutation of the sentence of petitioner, it is admitted, was not granted upon the written or any recommendation of a majority of the justices of the Supreme Court. It is, therefore, the theory of the respondent that the purported commutation by the Governor of petitioner's sentence is a nullity and must be disregarded. The judgment of death not having been executed, respondent contends it was its duty, under the provisions of section 1227 of the Penal Code, to appoint a day upon which the judgment should be executed. That is the order petitioner seeks to have annulled. Respondent has demurred to the petition.

Respondent correctly states the issue thus: "The two key words of the constitutional provision here in issue are the words 'twice convicted'." It maintains that the petitioner has been "twice convicted" within the meaning of the Constitution because the jury found the petitioner guilty upon the two counts of the indictment, each charging a separate felony. No authorities are cited by either party on the precise point thus stated, but each of them relies upon the construction of certain language used in the debates in the convention when the Constitution of 1879 was being framed.

We are of the opinion that the language of the Constitution relating to the granting of pardons to and commutation of sentences of convicts "twice convicted" must be construed in the light of criminal procedure in this state at the time the framers of the Constitution adopted in 1879 were considering and debating its language. The Constitution of 1849 contained no provision relating to that subject. At that time it was permitted in this state to charge "but one offense" in an indictment. (Pen. Code, sec. 954, as amended in 1873–74.) We think it unlikely that the framers of the Constitution had in mind a situation like the case now before us, and looked forward more than a third of a century to a time when an indictment or information might charge two or more different offenses, as permitted since the amendment of section 954 in 1915. We readily conclude, therefore, that in the case of petitioner the Governor was free to grant executive clemency without having the recommendation of a majority of the justices of the Supreme Court.

This conclusion renders it unnecessary to enter into a discussion of the question, What is meant or implied in this state by the word "convicted", when used in connection with criminal accusations and resulting verdicts or judgments? No case presenting the exact issue raised in this application has been heretofore decided by this court; but, in the past, the same conclusion as we here arrive at has been reached and transmitted to the Governor in connection with applications for executive clemency made by convicts claimed to be twice convicted. We find no reason for announcing any different conclusion.

The demurrer of the respondent court is, therefore, overruled. The judgment and order of the respondent court

(department 21), made and entered on the twenty-eighth day of March, 1934, appointing a day upon which the judgment of the court imposing the death penalty upon the petitioner, Jack D. Green, should be executed, is hereby annulled, vacated and set aside. Let a *remittitur* issue forthwith.

Thompson, J., Langdon, J., Preston, J., Curtis, J., Shenk, J., and Seawell, J., concurred.