[Crim. No. 2668. Second Appellate District, Division Two.—January 30, 1935.]

In the Matter of the Application of LEWIS R. STEIN for a Writ of Habeas Corpus.

L. G. Shelton for Petitioner.

Ray L. Chesebro, City Attorney, and Newton J. Kendall and John L. Bland, Deputies City Attorney, for Respondent.

CRAIL, J.—This is a proceeding under a writ of *habeas corpus* for the release of the petitioner on the ground that he has been confined in the city jail for more than one year and that his further confinement is illegal under section 19a of the Penal Code, which provides: "In no case shall any person sentenced to confinement in a county or city jail on conviction of a misdemeanor, or as a condition of probation, or for any reason, be committed for a period in excess of one year," etc. The return of the chief of police of the city of Los Angeles states that the petitioner is held in custody under and by virtue of three separate commitments issued out of the municipal court in three separate cases as follows: Case No. 48878, Case No. 49799 and Case No. 49800, in each of which a sentence of 180 days was imposed which sentences were to run consecutively, and that the term of imprisonment of the said petitioner has not expired. Section 19a of the Penal Code provides that "in no *case*" shall a defendant be committed for a period longer than one year. There is nothing in the law which indicates that a defendant shall not be confined for a longer period where there are two cases or more. If the legislature had intended the law to prohibit confinement for more than one year where there were two or more cases it would have said so. The instant case was argued orally along with other cases and the contention was made that the expression of this court in the case of *People* v. *Phair,* 137 Cal. App. 612 [31 Pac. (2d) 421, 423], where the court said, "it was the intention to limit the period of confinement in the county jail to one year in any and all cases where a misdemeanor has been committed", seems to imply that there was no distinction where sentences were made in *one* case containing two or more counts and sentences in three separate and distinct cases. We do not think so. In the Phair case, *supra,* the question which is now before us was not presented and was not discussed and the language used has no reference to sentences under different cases. There are good reasons for

the distinction which the legislature has made in this regard, one of which is that where the crimes of which the defendant is convicted are all presented in the same case the trial judge is more likely to have a complete view of the situation in imposing sentences and deciding what shall be done, especially where he has a choice of sentencing the defendant either to the penitentiary or to the county jail; whereas if the crimes come before the court in different cases the trial judge may not have such a view. Indeed, the cases may come before different judges.

The writ is discharged and the petitioner is remanded to the chief of police of the city of Los Angeles.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.