[Crim. No. 2670. Second Appellate District, Division Two.—January 30, 1935.]

In the Matter of the Application of GEORGE BUCHANAN for a Writ of Habeas Corpus.

John F. Groene for Petitioner.

Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

CRAIL, J.—This is a petition for the release of George Buchanan under a writ of *habeas corpus* which alleges that he is being illegally confined in the county jail by the sheriff of Los Angeles County upon sentences under three counts of an amended information charging the petitioner with the issuing of checks without sufficient funds.  The defendant was sentenced for one year on each count, the sentences to run consecutively, and it is the contention of the petitioner that he is being illegally confined in the county jail because of the provisions of section 19a of the Penal Code. It is clear that under said section the petitioner should not be confined in the county jail under the above circumstances for a period in excess of one year. (*People* v. *Phair,* 137 Cal. App. 612 [31 Pac. (2d) 421]; *In re Fisher,* 1 Cal. App. (2d) 449 [36 Pac. (2d) 841].) It is also clear, however, that the defendant had not been confined for the period of one year at the time he sued out his writ herein and obtained an order for his release upon giving bond in the sum of $100. The respondent contends that the petitioner should be held even though his sentences were all rendered in one case, but we have fully covered this contention in the matter of *In re Stein, ante,* p. 267 [40 Pac. (2d) 934], the opinion in which was filed on this date.

 The petitioner contends that he is entitled to a reduction on the one-year period for good time under section 1614a of the Penal Code, and in this behalf he sets forth a letter purporting to be signed by Deputy Sheriff Peoples, the jailer of the county jail. But nowhere does he show that he has obtained the consent of the county board

of parole commissioners for reduction for good time for his term of sentence as required by said section. On the contrary the return of the sheriff sets forth a certificate issued by said board of parole commissioners certifying that no application has been made to it or any such certificate granted.

The petitioner is remanded to the sheriff.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.