[Crim. No. 3969. In Bank.—April 30, 1936.]

THE PEOPLE, Respondent, v. LEE R. CARR, Appellant.

F. H. Bowers and Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

LANGDON, J.—Defendant was charged with rape. The information was in four counts alleging the commission of four separate offenses. The jury returned a verdict of guilty on each count, and also in each instance recommended punishment by confinement in the county jail. Judgment was thereupon pronounced, sentencing the defendant to confinement in the county jail for a period of one year on each count, the sentences to run *consecutively*. Defendant appeals claiming that the court had no jurisdiction to impose sentence to the county jail for more than one year.

■ The case turns upon the construction of section 19a of the Penal Code, enacted in 1923, which provides in part: "In no case shall any person sentenced to confinement in a county or city jail on conviction of a misdemeanor, or as a condition of probation, or for any reason, be committed for a period in excess of one year." It is defendant's contention that the purpose of this section is to prevent any single period of incarceration in the county jail for longer than one year; in other words, that the legislature sought to prohibit long periods of confinement in the county jail, and intended that any period longer than one year should be served in the state penitentiary.

If this was the legislative purpose, it was certainly not made clear; and we do not believe that such is the effect of the statute. Doubtless the section will result in shorter county jail sentences in many cases, e. g., where a confinement in excess of one year was formerly permitted for a particular offense. But there is nothing in the statute to suggest that it was intended to obliterate the distinction between one crime and several crimes. On the contrary, it refers to a "case", not cases: and to "conviction of misdemeanor", not misdemeanors. The language plainly has reference to a single offense. A person who commits two or more misdemeanors is subject to the possible imposition of two or more separate punishments. He may be tried separately and sentenced separately on each; or he may be charged with a number of crimes in separate counts in one information. The use of a single information is sanctioned by law and is a decided convenience, but in no way does it change the separable character of the offenses charged, nor does it alter the rules governing punishment. ■ Section 669 of the Penal Code provides

that when a person is convicted of *two or more crimes,* "the judgment shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently or whether the imprisonment to which he is or has been sentenced upon the second or other subsequent conviction shall commence at the termination of the first term of imprisonment to which he has been sentenced, or at the termination of the second or subsequent term of imprisonment to which he has been sentenced, as the case may be". This section clearly governs the instant case, and there is nothing in the language of section 19a which purports to limit it.

■ Defendant urges that our decision in *Green* v. *Superior Court,* 2 Cal. (2d) 1 [37 Pac. (2d) 694], supports his view. In that case we construed article VII of the California Constitution, which requires a recommendation of a majority of the justices of the Supreme Court as a basis of commutation of sentence of a person who has been previously "twice convicted". The petitioner had been found guilty upon two counts of an indictment. This court held that he was not "twice convicted", but the decision was based upon the intent of the framers of the provision, in the light of circumstances then existing. We said (p. 3): "We think it unlikely that the framers of the constitution had in mind a situation like the case now before us, and looked forward more than a third of a century to a time when an indictment or information might charge two or more different offenses, as permitted since the amendment of section 954 in 1915". The foregoing excerpt indicates our present view, namely, that today, when separate crimes may be charged in a single indictment, they should ordinarily be treated as separate crimes for purposes of punishment.

There are two decisions of the District Court of Appeal which bear directly on this problem. In one, the defendant was sentenced for three offenses to a period longer than one year, *by three separate commitments in three separate cases.* The court held that this was proper. (*In re Stein,* 4 Cal. App. (2d) 267 [40 Pac. (2d) 934].) In the other, the defendant was convicted of three offenses charged in *three counts of a single information,* and was sentenced to serve over a year. The court held that this was improper. (*In re Buchanan,* 4 Cal. App. (2d) 269 [40 Pac. (2d) 935].) The latter case is, of course, precisely in point here, and the Dis-

trict Court of Appeal in these two decisions has laid down the rule that where separate misdemeanors are charged in a single information, one year is the maximum sentence; while the same offenses, charged in separate informations, permit sentences beyond one year.

We are unable to see how this interpretation follows from section 19a, or how it may be reconciled with section 669. We are likewise unable to understand how the mere choice of one method of proceeding against a defendant, i. e., the single information, can have so substantially different an effect from the other method, separate informations. In our opinion the crimes, and the punishment therefor, are unaffected by the procedural choice of single or separate informations, and until the legislature expressly declares otherwise, the rules governing punishment must be the same in each situation. Language in the cases of *In re Stein, supra,* and *In re Buchanan, supra,* in conflict with these views, is hereby disapproved.

The judgment is affirmed.

Seawell, J., Shenk, J., Waste, C. J., and Conrey, J., concurred.

Rehearing denied. Curtis, J., voted for a rehearing.