[Crim. No. 3218. Second Appellate District, Division One.—May 17, 1939.]

In the Matter of the Application of JAMES SOMMERVILLE for a Writ of Habeas Corpus.

John S. Cooper for Petitioner.

Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

WHITE, J.—This is a proceeding under a writ of *habeas corpus* for the release of petitioner on the ground that he has been confined in the county jail for more than one year and that his further confinement is illegal under section 19a of the Penal Code, which in part provides: "In no case shall any person sentenced to confinement in a county or city jail on conviction of misdemeanor, or as a condition of probation, or for any reason, be committed for a period in excess of one year."

At the hearing of this writ it was disclosed that in an information filed by the district attorney of Los Angeles County petitioner was charged in two counts with separate and distinct violations of the State Narcotic Act; that on July 29, 1937, he entered pleas of guilty to both counts, pursuant to which guilty pleas he was, on August 13, 1937, sentenced to serve one year in the county jail on each count, the court directing that the sentences run consecutively.

The contention of petitioner is that the purpose of section 19a of the Penal Code is to prevent any single period of confinement in the county jail for longer than one year; that in enacting this section the legislature sought to prohibit protracted terms of imprisonment in a county jail and intended that any period of penal servitude longer than one year should be served in the penitentiary.

Both in principle and directly, this point, in a case involving judgments pronounced on separate counts of a single information, has been ruled upon, and is clearly established contrary to petitioner's suggestion in that regard. (*People v. Carr,* 6 Cal. (2d) 227 [57 Pac. (2d) 489].)

As petitioner is now legally detained under the sentence pronounced upon his plea of guilty to the second count of the information, the writ is discharged and the petitioner

is remanded to the custody of the sheriff of the county of Los Angeles.

York, P. J., and Doran, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1939.