**UNITED STATES of America,**
**Appellee,**

v.

**Ignacio MANJARREZ–ARCE,**
**Appellant.**

**No. M–73–647.**

United States District Court,
S. D. California.

Feb. 14, 1974.

Frank M. Mangan, San Diego, Cal., for appellant.

William Bower, Asst. U. S. Atty., San Diego, Cal., for appellee.

## MEMORANDUM OPINION

ENRIGHT, District Judge.

On or about August 5, 1973, the appellant, Ignacio Manjarrez-Arce, was apprehended by officers on Otay Mesa Road near the international border at which time he was driving an automobile occupied by three illegal aliens. The appellant was charged in a three count complaint with violating 18 U.S.C. § 2 and 8 U.S.C. § 1325, *i. e.*, aiding and abetting illegal entry. Each of the counts charges the identical offense but names a different illegal alien who was in the appellant's car. After being admonished as to the possibility of cumulative sentencing, the appellant pleaded guilty[1] to each count and was sentenced to six months in jail on each count, with the sentences to run consecutively, for a total of eighteen months.

Subsequently, the appellant *moved both for a reduction of sentence[2] and for a correction of illegal sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.* He has appealed to the district court on the issue of whether the denial of correction was proper.[3] The basic thrust of his argument on appeal is that consecutive sentences were beyond the authority of the magistrate.

---

1. The government has argued that by pleading guilty, the appellant precluded the government from presenting evidence to establish the distinct nature of each of the three counts. The government relies upon United States v. Gumbs, 246 F.2d 441 (2d Cir. 1952). The majority opinion of that panel relied upon an affidavit by the prosecutor; here we have no affidavit and presumably only supposition.

2. The original sentence has been modified to the extent of reducing the third six month commitment to a three year probationary period to commence after the remaining twelve month imprisonment. Thus, the sentence as modified continues to be cumulative and exceeds one year.

3. The government's initial opposition was that a motion pursuant to Rule 35 and appeal therefrom was an improper mode by which to proceed. There is arguable authority for this position. In May v. United States, 261 F.2d 629 (9th Cir. 1958), however, the petitioner by way of a 28 U.S.C. § 2255 petition, raised the issue of consecutive sentencing. The circuit court disregarded his § 2255 argument but, nevertheless, considered the matter under Rule 35. This court would conclude, therefore, that a motion pursuant to Rule 35 is a valid vehicle to test the propriety of cumulative sentencing.

A. *The Power of the Magistrate*

18 U.S.C. § 3401 provides in pertinent part:

> (a) When specifically designated to exercise such jurisdiction by the district court . . . , and under such conditions as may be imposed by the terms of the special designation, any United States Magistrate shall have jurisdiction to try persons accused of, and sentence persons convicted of, minor offenses committed within that judicial district.

> .   .   .   .   .   .

> - (f) As used in this section, the term "minor offenses" means misdemeanors punishable under the laws of the United States, the penalty for which does not exceed imprisonment for a period of one year, or a fine of not more than $1,000, or both . . . .

An initial question, therefore, is raised, *i. e.,* whether a United States Magistrate may, by cumulative sentencing, sentence an individual to a period of incarceration greater than a year. Neither party presented to this court any precise authority on this issue.[4]

██ In the California judicial system, California Penal Code §§ 1425 and 1462 give jurisdiction to inferior courts in similar manner as does 18 U.S.C. § 3401 to United States Magistrates. And, in California for several decades, inferior courts have had power to sentence consecutively beyond their apparent jurisdictional limits. Such cases deal with the distinction between the jurisdictional limits of offenses that may be *tried* in such courts and the sentences that may be *imposed* by those courts for such offense or offenses. *Compare* People v. Carr, 6 Cal.2d 227, 57 P.2d 489 (1936) *with* In re Stein, 4 Cal.App.2d 267, 40 P.2d 934 (2d Dist. 1935) *and* In re Buchanan, 4 Cal.App.2d 269, 40 P.2d 935 (2d Dist. 1935). Such authority, in the absence of federal cases dealing with the issue, would lead to the conclusion

by the same reasoning that United States Magistrates have the power to impose consecutive sentences, in appropriate cases, beyond their apparent jurisdictional limits as enacted in 18 U.S.C. § 3401.

B. *Single Transaction*

██ The appellant argues that since the jurisdiction of the magistrate under 18 U.S.C. § 3401 is both limited and referred, the cumulative sentencing in the instant case was impermissible since the counts upon which he was sentenced were for a single offense arising out of a single transaction. In this regard, this court would agree with the government that the success or failure of this argument stands or falls upon the appellant's major argument, *i. e.,* that where there is a single transaction, cumulative sentencing is beyond the authority of the court.

The appellant's basic argument is that the consecutive sentencing in the instant case is impermissible under the rationale of Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1954). In *Bell,* the defendant pleaded guilty to a two count indictment under the Mann Act. He was sentenced to two consecutive sentences. The Circuit Court affirmed, and the Supreme Court reversed.

The court held that although it was within the power of Congress to state its intention that the transportation of each woman be considered a separate offense, and hence, that cumulative sentences be imposed, the silence of Congress had resulted in an ambiguity that must be resolved to the benefit of the defendant.

The appellant would urge this court to conclude that an analogous ambiguity exists in this particular case. He would assert that an ambiguity is inherent whenever the Congress has remained silent in its wording of a criminal statute.

---

4. Before the magistrate, the appellant—for the purposes of his Rule 35 motion—conceded the propriety of aggregating several cumulative sentences exceeding the total of one year.

There is no doubt that there is no explicit provision authorizing separate offenses, and hence sentences, in the criminal statutes before this court. It does not necessarily follow, however, that the absence of language in this particular statutory offense (18 U.S.C. § 2 and 8 U.S.C. § 1325), that is, a structured composite crime, utilized on many occasions as a plea bargaining device, is evidence of ambiguity. 18 U.S.C. § 2, the aiding and abetting statute, merely allows the appellant to be tried as a principal if he aids or abets another to commit an underlying substantive offense. The instant underlying offense is 8 U. S.C. § 1325, illegal entry by an alien. When drafting § 1325, the Congress had no need to consider cumulative sentencing since its basic thrust is directed to the alien who has entered illegally. Thus, though the combination of these two statutes does not contain specific authorizing language, it must be construed in the light of the common sense, which Bell v. United States commends:

> This in no wise implies that language used in criminal statutes should not be read with the saving grace of common sense with which other enactments, not cast in technical language, are to be read. Nor does it assume that offenders against the law carefully read the penal code before they embark on crime. It merely means that if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses, when we have no more to go on than the present case furnishes. 349 U.S. at 83–84, 75 S.Ct. at 622.

Such reasoning would suggest this court take into consideration the intent of Congress as expressed in a companion felony statute, namely 8 U.S.C. § 1324 dealing with those who traffic in the illegal entry of aliens.

It is absolutely clear that an individual who transports or harbors several aliens simultaneously may be sentenced consecutively for each alien present, under § 1324. It is also true that no specific misdemeanor exists analogous to § 1324. However, under 18 U.S. C. § 2, a person who aids and abets the commission of a crime, here an illegal entry in violation of § 1325, is punishable as a principal, and thus is guilty of a misdemeanor. *See* United States v. Hoy, 330 U.S. 724, 726, 67 S.Ct. 1004, 1006, 91 L.Ed. 1204 (1947) and accompanying footnote 1. To conclude thereby that consecutive felony sentences are permissible but that consecutive misdemeanor sentences are not would seem to disservice to logic and exalt form over substance.

It is therefore the opinion of this court that the judgment of the magistrate court in this cause be, and hereby is, affirmed.