FOSTER, J.
I concur in the judgment and in the discussion of the issues under heading I. I cannot join in the discussion under heading n, which suggests that Penal Code section 19a,[1] authorizing consecutive sentences for misdemeanor violations, has in some manner been rendered unconstitutional by the later enactment of section 1170.1.
The power to impose consecutive sentences for separate criminal violations is said to derive from the common law. (Exparte Lamar (2d Cir. 1921) 274 Fed. 160, 170 [24 A.L.R. 864], affd. sub nom., Lamar v. United States (1923) 260 *Supp. 27 U.S. 711 [67 L.Ed. 476, 43 S.Ct. 251].) And “ ‘[w]here consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.’ 432 U.S. at 165. Thus, the question of what punishments are constitutionally permissible is not different from the question of what punishment the Legislative Branch intended to be imposed. Where Congress intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution.” (Albernaz v. United States (1981) 450 U.S. 333, 344 [67 L.Ed.2d 275, 285, 101 S.Ct. 1137].)
The majority opinion, I believe, correctly sets forth the history of the authority for consecutive sentences in misdemeanor convictions contained in section 19a. In People v. Carr (1936) 6 Cal.2d 227 [57 P.2d 489], our Supreme Court construed section 19a, as enacted in 1923, as permitting the imposition of consecutive sentences for separate misdemeanor convictions. The Legislature, in 1957 (Stats. 1957, ch. 139, § 2, p. 734), amended section 19a to make clear its authorization for imposing consecutive sentences totalling more than one year in misdemeanor criminal prosecutions. Certainly, the legislative intent is clear, and at that point our constitutional concern should cease.
In light of this statutory history, it is difficult to ascertain how the imposition of consecutive sentences in misdemeanor convictions, a practice expressly sanctioned by our Supreme Court in 1936, followed at least since that date, and expressly authorized by the Legislature in 1957, should be made “cruel and unusual” because of the enactment in 1977 of section 1170.1 governing felony convictions. Nor does it appear how equal protection of the laws is violated. Both the statutes pertaining to misdemeanor sentencing and those relating to felony sentencing operate indiscriminately upon the people they affect. There is no classification of felons and misdemeanants other than that resulting from the crimes committed and the sentences imposed.
The majority express concern that misdemeanor consecutive sentences without a statutory limit of time or number have a potential of requiring the serving of a term in jail “either clearly in excess, or proportionally in excess, of sentences for more serious offenses,” which under the felony sentencing laws have reduced terms of confinement for consecutive offenses and a maximum term for all accumulated consecutive sentences. Thus, my colleagues point out, for most crimes section 1170.1, subdivision (a), fixes the term of confinement for each consecutive sentence at one-third of the middle term for that crime with a maximum term for all accumulated consecutive sentences of five years. When the legislative policy of imposing strict limits for consecutive sentences for felonies is compared with the policy of permitting consecutive sentences for misdemeanors, they assert, there is a danger that the expressed policy (§ 1170, *Supp. 28 subd. (a)(1)) of proportionate sentences and uniformity of sentencing may be violated.
From a strict comparison of the maximum time of confinement[2] which potentially might be imposed for consecutive misdemeanor sentences with the maximum for felony sentences, one might conclude at first blush that an anomalous condition of our sentencing laws has been created. But it may well be that any such anomaly exists, not because of the law permitting consecutive sentences for misdemeanors, but in the law which restricts them in felonies. Section 1170, subdivision (a)(1) declares that “the purposes of imprisonment for crime is punishment.” But no one as yet has suggested a convincing reason why, if the purpose of sentencing is punishment, one who commits a series of crimes receives a full measure of punishment for only the first offense, but he is permitted to commit subsequent crimes at bargain rates until he amasses a sufficient number of them so that all additional crimes are “on the house.”
The answer may lie purely in historical accident. Before the 1977 legislation leading to the determinate sentencing statutes, California operated under an indeterminate sentencing law, the goal of which was rehabilitation of the offender. Sentences were fixed solely at a range of years, with the minimum and maximum terms often separated by many years. It was the function of the Adult Authority, after some period of his confinement, to review the case of each inmate and set both the term of imprisonment and the date of release on parole. These practices were later formulated into policies based upon the Adult Authority’s prior experience in dealing with those convicted of various crimes. When the determinate sentencing laws were enacted; the range of sentences adopted was patterned in large measure upon the policies which had been followed by the Adult Authority. (See Comment (1977) 14 San Diego L.Rev. 1176.) Thus the law stated to equate sentencing with punishment has incorporated policies adopted to achieve rehabilitation goals.
*Supp. 29 Since the initial statutes in 1977, there have been numerous changes in the determinate sentencing laws, both in the length of imprisonment for individual crimes and in the consequences of successive criminal acts. It has been suggested by some legislators and in proposed initiative measures to do away with restrictions upon consecutive sentencing in felony convictions. The wisdom of these proposals, of course, is not for me or this court to determine but rests entirely with the legislative branch of government. But the still fluid nature of legislative policies in this area, in my opinion, clearly militates against our attempting to freeze any policy into a supposed constitutional requirement.
The only real difference between the authority to impose consecutive sentences for misdemeanors under section 19a and that provided for felonies under section 1170.1, is that in the former the determination of what consecutive sentences to impose is left to the discretion of the trial judge, while in the latter the exercise of discretion is circumscribed by legislatively defined limits. This dichotomy may disturb our judicial sense of symmetry, but in my judgment neither it, nor the possibility that in a particular case a trial judge may exceed the bounds of judicial discretion, affords any basis for this court to rule or suggest that the Legislature in carrying out its duty of fixing sentences for crimes has done so in violation of its constitutional obligations.[3]

All code section references are to the Penal Code.

This comparison, of course, does not take into account other distinctions between felony sentences and misdemeanor sentences. Among many such distinctions are the locations where the sentence is served. Felony sentences are served in the state prison, while misdemeanor sentences are served in local facilities with greater opportunity for family visitation, work furlough programs and parole. Moreover, there are additional consequences of a felony conviction not present in misdemeanors, such as loss of civil rights and being subject to impeachment in later trials. These matters and more are appropriate areas of legislative consideration in determining what the appropriate sentencing structures should be. This is not to suggest that a disparity in the “amenities” of the two institutions of itself is controlling. The point is that there are ample bases upon which the Legislature in performing the function uniquely within its domain of fixing sentences for crimes may establish differing structures for felony and misdemeanor sentencing. In my opinion, we invade that domain when we strike down legislation upon the basis of our individual notions of what constitute “serious” or “less serious” offenses, “disparate” treatment of offenders committing such offenses, and appropriate “relative” punishment.

It is unclear from the majority opinion what they would have us do about the claimed unconstitutional disparity. Declare unconstitutional that part of section 19a allowing consecutive sentences? Command the Legislature to enact as part of section 19a limitations upon consecutive sentencing similar to those in section 1170.1? Ourselves create a series of limitations similar to those in section 1170.1 and “read” them into section 19a? In my opinion, if in a given case a trial judge should impose consecutive sentences so grossly in excess of what any permissible exercise of discretion should allow, there is always an adequate remedy by appellate review. The availability of that remedy, of which the Legislature is presumably aware, should alleviate any concern that the sentencing structure itself is “cruel and unusual,” arbitrary or capricious, discriminatory, or in any other way offensive to constitutional guarantees.