[Crim. No. 305.   Third Appellate District.—July 24, 1915.]

## THE PEOPLE, Respondent, v. OSCAR E. MEADS, Appellant.

CRIMINAL LAW—FAILURE TO PROVIDE FOR MINOR CHILD—SEPARATION OF HUSBAND AND WIFE—WHEN HUSBAND NOT LIABLE—SECTION 270 PENAL CODE.—Where a wife, without legal justification, leaves her husband and home and takes with her all the household furniture and the minor child, or if they separate by mutual consent and during a period of one year she never makes known to him that she desires or expects him to assist her in the support of the child, never asks him for any money, and he is not informed from any source that the child is not being properly cared for, the husband under such circumstances is not guilty of a felony under section 270 of the Penal Code for failing to furnish the necessary food, clothing, shelter, and medical attendance for his said minor child.

ID.—HUSBAND NOT REQUIRED TO SEARCH FOR CHILD.—In such a case where the wife and child left under such circumstances, the defendant was justified in assuming that the mother intended to support and take care of the child, and it was not his duty to hunt her up and tender assistance. He could well wait until informed that assistance was needed and would be accepted.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Malcolm C. Glenn, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

ELLISON, J., *pro tem.*—The defendant was tried and convicted upon an information charging him with the crime of

willfully, and without lawful excuse, omitting to furnish the necessary food, clothing, shelter, and medical attendance to his minor child. (Pen. Code, sec. 270.) Upon this appeal he claims that the verdict of the jury is unsupported by the evidence.

We think the claim is well founded. The record discloses that the prosecuting witness and the defendant were married, in the state of Washington, in March, 1907; that the child mentioned in the information was born in July, 1907. The defendant and his wife lived together as husband and wife until December, 1913, when they separated under circumstances hereafter stated. In December, 1913, they were living at Lodi in San Joaquin County in a comfortable house, reasonably well furnished, the title to which stood in the name of both spouses. Up to their separation the wife had credit at the local stores where she purchased and had charged to the defendant whatever she deemed necessary for her wants and the wants of the family, and it does not appear that credit was ever refused her.

In December, 1913, they separated and have not since lived together as husband and wife. As to the circumstances of this separation the wife testified: "We didn't get along well toward the last. He got his suit case and packed up his clothes. He did not tell me anything about he was going away, only told the baby good-bye; took everything he had, even his dirty collars and old cuff buttons and tools, everything in the house—bedding. I did not ask him where he was going and he did not tell me; he simply left. I stayed in the house until—I left as soon as I could get packed up and leave. He came back before, while I was packing up to go. At that time he told me he had left, was going to leave. Then he asked me not to go, when he found out I was going. He said he would not go if I would stay there."

On cross-examination this witness testified: "Q. When you left your home in Lodi, or when you were about to leave, you said the defendant asked you to remain, did you not? A. Yes, sir. Q. What do you say? A. I answered it. I told him to go, because he had just told me that he would not give me any more money, he would not give me any more money to support me on."

The wife left the family residence in Lodi on December 18, 1913, taking with her the minor child and all the household

furniture. She moved the furniture to Richmond and lived there for a while. When she left Lodi she did not tell her husband where she was going—she did not think it necessary to do so. Subsequently she moved to Sacramento County and in that county the defendant was informed against and tried. The wife testified that from the time she left the family residence in Lodi until the trial, the defendant contributed nothing to the support of the child and that she never asked him to do so; that from the date of the separation to the date of the trial she never asked the defendant for any money and he never gave her any or in any way contributed to the support of the child.

This summary of the testimony of the complaining witness is sufficient to show the case made against the defendant.

The record presents to the court for decision the question—If a wife, without legal justification, leaves her husband and home and takes with her all the household furniture and the minor child, or if they separate by mutual consent and during a period of one year she never makes known to him that she desires or expects him to assist her in the support of the child, never asks him for any money, and the husband is not informed from any source that the child is not being properly cared for, is the husband under such circumstances guilty of a felony under section 270 of the Penal Code? We think the question must be answered in the negative.

Section 196 of the Civil Code provides: "The parent entitled to the custody of a child must give him support and education suitable to his circumstances." Section 198 of the Civil Code provides: "The husband and father, as such, has no rights superior to those of the wife and mother, in regard to the care, custody, education and control of the children of the marriage, while such husband and wife live separate and apart from each other." Section 103 of the Civil Code provides: "The husband may choose any reasonable place or mode of living, and if the wife does not conform thereto, it is desertion."

When the wife and child left under the circumstances indicated, the defendant was justified in assuming that the mother intended to support and take care of the child and it was not his duty to hunt her up and tender assistance. He could well wait until informed that assistance was needed and would be accepted   In the *Matter of Forrester,* 162 Cal. 493,

[123 Pac. 283], there was a contest for letters of guardianship over a child. It was contended the father had forfeited his rights of guardianship by reason of subdivision 4 of section 246 of the Civil Code as applied to the facts. Under that section a parent forfeits the right of guardianship if he knowingly or willfully abandons, or *having the ability so to do fails to maintain his minor child.* In that case it was said: "In October, 1909, he (the father) came to Stockton and lived with his wife and child in apartments. In the interval, the grandparents had supported the child, the appellant furnishing only a small amount of money. After three or four weeks, the wife again went to the home of her parents, taking the child with her. In April, 1910, she died. During all of this period, from October or November, 1909, to April, 1910, and until the commencement of the proceedings, in June, 1910, the child was entirely supported by its grandparents, the appellant furnishing nothing for its support. The testimony of all parties agreed to the point that the grandparents had voluntarily supported the child, and that neither of them had ever asked the father to contribute. Section 208 of the Civil Code provides that 'a parent is not bound to compensate the other parent, or a relative, for the voluntary support of his child, without an agreement for compensation.' In view of this provision, we think the severe penalty of forfeiture of parental rights should not be visited upon a father who has merely permitted other relatives to voluntarily support his child, where the child is properly cared for, and no request for contribution has been made."

If the conduct of the father in that case was not sufficient under section 246 of the Civil Code to forfeit the father's rights of guardianship (a mere civil matter), surely in this case the conduct of the defendant under the circumstances of the case is not sufficient to justify his conviction of a felony.

The judgment is reversed and cause remanded for a new trial.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 20, 1915.