[Crim. No. 2458. Second Appellate District, Division Two.—March 29, 1934.]

THE PEOPLE, Respondent, v. GORDON PHAIR, Appellant.

Aileen M. MacLymont for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

HAHN, J., *pro tem.*—Defendant was found guilty on each of four counts charging him with the offense of contributing to delinquency, declared to be a misdemeanor under the "Juvenile Court Law". The judgment of the court was that he be punished by imprisonment in the Los Angeles county jail for a period of two years on each count. Sentences on three counts were to run concurrently, and on the fourth, to run consecutively with the sentences on the other counts.

In his appeal from the judgment defendant urges that this judgment of imprisonment is contrary to law for the reason that the provisions of section 21 of the Juvenile Court Act, which provides for a maximum imprisonment of two years in the county jail upon conviction of an offense prescribed by that act, was modified or repealed by section 19a of the Penal Code, enacted in 1933, wherein it is provided that, "In no case shall any person sentenced to confinement in a county or city jail on conviction of a misdemeanor, or as a condition of probation, or for any reason, be committed for a period in excess of one year." As there is no provision in this section which directly repeals or modifies the penalty provision of section 21 of the Juvenile Court Act, such repeal or modification, if any, must be by implication.

It is a well-established rule that the law does not favor repeal by implication. It has been declared in effect by the Supreme and Appellate Courts of this state that a later act does not change or repeal a previously enacted law,

where such change or repeal is not specifically declared, unless it appears from the later act that it was the intention so to do, or that the two acts are so in conflict that each cannot be given the force and effect clearly intended. (*Bateman* v. *Colgan,* 111 Cal. 586 [44 Pac. 238]; *People* v. *Superior Court,* 64 Cal. App. 770 [222 Pac. 864]; *In re Johnson,* 167 Cal. 142 [138 Pac. 740].)

The acts charged against defendant by the terms of section 21 of the Juvenile Court Law constitute a misdemeanor. This section further provides that upon conviction of any of the offenses therein prescribed the punishment shall be by a fine of not exceeding one thousand dollars, or by imprisonment in the county jail of not more than two years, or by both such fine and imprisonment.

■ The sole question here involved is whether or not section 19a of the Penal Code repealed or modified the penal provisions of the Juvenile Court Act, so as to limit incarceration in the county jail to one year in all cases of conviction for offenses prescribed by this act.

In determining the intent of the legislature in the enactment of section 19a, it is important to note that at the time this section was adopted the legislature also amended section 19 of the Penal Code. Section 19 before amendment read as follows: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or by both." As amended it reads: "Except in cases where a different punishment is prescribed by [any law of this state] every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding six months, or by fine not exceeding five hundred dollars, or by both."

It is clear that the legislature intended by the amendment to remove the words of limitation which made the section applicable to misdemeanors prescribed by the Penal Code, and make it applicable to all misdemeanors "prescribed by any law of the state". Hence, as amended, the section fixed the maximum imprisonment at six months for any misdemeanor, "except in cases where a different punishment is prescribed by any law of this state".

The wording of the first part of section 19a, limiting imprisonment in the county jail for misdemeanors to one year, is very comprehensive in its language. When read in connection with the amendment to section 19 it would seem clear that this provision in the new section was intended to cover all cases of misdemeanors not included in section 19 as amended. That such was the purpose of the legislature is confirmed by the remainder of the section, which provides that where a penal farm is established, or a "state institution for long term misdemeanors" is established, then persons found guilty of misdemeanors may be committed to such an institution for any length of time within the limits prescribed by the statute under which the conviction was had. This latter part of section 19a clearly recognizes the existence of statutes that provide as punishment for misdemeanors maximum periods of incarceration, in excess of one year, and provides for the enforcement of such longer periods of imprisonment only in certain types of penal institutions, which clearly do not include county jails.

From the foregoing considerations, as also others that might be dwelt upon, there would seem no escape from the conclusion that in adding section 19a to the Penal Code it was the intention to limit the period of confinement in the county jail to one year in any and all cases where a misdemeanor has been committed.

It is not contended that in Los Angeles County there is established any penal farm, nor in the state of California "any state institution for long term misdemeanors".

The judgment of sentence is reversed and the cause remanded for resentence of the defendant.

Stephens, P. J., and Craig, J., concurred.