[Crim. No. 2627.  Second Appellate District, Division Two.—December 7, 1934.]

In the Matter of the Application of GORDON PHAIR for a Writ of Habeas Corpus.

Aileen M. MacLymont for Petitioner.

Buron Fitts, District Attorney, and A. H. Van Cott, Deputy District Attorney, for Respondent.

STEPHENS, P. J.—Petitioner seeks to be released from the Los Angeles County jail by the writ of *habeas corpus* claiming that he is illegally imprisoned.

■ Phair was convicted in four counts of a misdemeanor in the superior court and was sentenced to the county jail for the period of two years for each count. The sentence was reversed by this court (*People* v. *Gordon Phair*, 137 Cal. App. 612 [31 Pac. (2d) 421]) and the case was sent back to the trial court for resentence for the reason that section 19a of the Penal Code limits the total sentence in such cases to the period of one year.

The period of one year from the date of the first sentence had not elapsed when the court under the order just adverted to again pronounced a sentence of one year from date of resentence upon petitioner. Petitioner had been in the county jail under sentence for more than one year from the date of the first sentence when he filed the instant petition and for that reason claims that he is being illegally imprisoned. His claim would seem to be well founded. The applicable portion of section 19a is as follows: ''in no case shall any person sentenced to confinement in a county or city jail on conviction of misdemeanor, or as a condition of probation, or for· any reason, be committed for a period in excess of one year''. The court had a right to commit petitioner for one year upon the first sentence and for that reason the sentence was not void.

Petitioner had two courses open to him; one to await the expiration of the legal term and apply for release on *habeas corpus* (*In re Morck*, 180 Cal. 384 [181 Pac. 657]) or the one he took to have the sentence corrected through appeal. His imprisonment has been one continuous imprisonment under commitment for misdemeanor and the year having expired, he is entitled to the writ ordering his release.

The petition for the issuance of the writ of *habeas corpus* is granted.

Crail, J., and Scott, J., *pro tem.*, concurred.