[Crim. No. 2677. Second Appellate District, Division Two.—June 27, 1935.]

In the Matter of the Application of JOHN TANTLINGER for a Writ of Habeas Corpus.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Appellant.

Gladys Towles Root for Respondent.

FRICKE, J., *pro tem.* — Petitioner pleaded guilty in the superior court to a charge of statutory rape and was placed on probation for a period of fifteen years, one of the conditions being that the defendant serve the first eighteen months of his probationary period at a county road camp. A little over a year later petitioner sought his release by proceedings in *habeas corpus* upon the ground that section 19a of the Penal Code precluded the trial court from imposing, as a condition of probation, a period of detention exceeding one year. Upon the hearing defendant was by order of the superior court discharged, and the People have appealed from such order.

■ The decision of *In re Marquez,* 3 Cal. (2d) 625 [45 Pac. (2d) 342], is determinative of the question here. It was there held that section 19a has no application to felony cases, and that where a defendant has been convicted of a felony and granted probation "the power of the court to place defendant in a road camp was limited, as to period of confinement, only by the maximum possible term of his sentence". By his plea of guilty to the charge of statutory rape, that offense being punishable by imprisonment in either the county jail or the state prison, defendant stood convicted of a felony (sec. 17, Pen. Code; *Doble* v. *Superior Court,* 197 Cal. 556 [241 Pac. 852] ; *People* v. *Lippner,* 219 Cal. 395, 405 [26 Pac. (2d) 457]) punishable by a maximum possible term of fifty years.

■ Respondent argues that the superior court has power to modify the terms of probation and that the release of petitioner herein was no more than a modification of probation. The record clearly disproves any such intent on the part of the judge before whom the writ was made returnable, and it is evident also from the record that petitioner was not seeking or requesting a modification of the probation order but was directly attacking the order as being in part void. ■ *Habeas corpus* is a proceeding to test the legality of the restraint of a person or to secure his release on bail, and will not lie as a remedy to secure a modification of probation. *Habeas corpus* is a remedy to enforce rights; but no right exists to a modification of a probation order, such modification being a matter entirely within the discretion of the court. It may also be noted, with respect to either a modification or revocation of probation, that "no such order shall be made without written notice first given by the court or the clerk thereof to the proper probation officer of the intention to revoke or modify its order". (Pen. Code, sec. 1203, subd. 3.) No such notice was given in this case, for the quite obvious reason that the proceeding was never intended to be an application for modification of the probation order.

The order discharging defendant from custody is reversed and the cause remanded with directions to discharge the writ and remand petitioner to custody.

Crail, J., and Stephens, P. J., concurred.