[Crim. No. 4167.   In Bank.—April 10, 1939.]

THE PEOPLE, Respondent, v. WILLIAM HOYT LEWIS, Appellant.

Gladys Towles Root and Morris Lavine for Appellant.

U. S. Webb, Attorney-General, R. S. McLaughlin, Deputy Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

SEAWELL, J.—This appeal came to us on petition for hearing after decision by the District Court of Appeal, Second District, Division One. We adopt as a part of the opinion of this court the following portion of the opinion of the District Court of Appeal with respect to the questions that are involved on the appeal. It follows under quotation marks:

"Defendant was charged, in an amended information, with contributing to the delinquency of a minor, a misdemeanor. Said defendant entered a plea of guilty to the charge, and, his application for probation being denied, was sentenced to imprisonment in the county jail for a period of two years. This appeal is from the judgment and the sentence.

"Appellant contends that the 'sentence imposed was in excess of the time as prescribed by law, and was therefore contrary to the law'.

"The offense of contributing to the delinquency of a minor, which is, by section 21 of the Juvenile Court Act (Act 3966, Deering's Gen. Laws) declared to be a misdemeanor, provides as a maximum punishment 'a fine not exceeding one thousand dollars, or by imprisonment in the county jail for not more than two years, or by both such fine and imprisonment'. Appellant, however, relies upon section 19a of the Penal Code,

enacted subsequently to the Juvenile Court Act, which provides that, 'In *no case* shall any person sentenced to confinement in a county or city jail on conviction of misdemeanor, or as a condition of probation, or for *any reason*, be committed for a period in excess of one year. If, however, any county, or group of counties together should establish a penal farm, or if there be established a state institution for longterm misdemeanants, then commitment to such penal farms or such state institutions shall be for such period as the court may order within the limits prescribed by statute for the offense.' (Italics supplied.)

"Respondent asserts, in substance, that said section 19a is unconstitutional and void for the reason that the maximum period of confinement prescribed therein is not fixed and definite under all circumstances; that it does not fix the same maximum punishment for the same offense throughout the state; that the state Constitution provides that 'all laws of a general nature shall have a uniform operation' (sec. 11, art. I); and that said Constitution further provides that 'the legislature shall not pass local or special laws . . . for the punishment of crimes and misdemeanors', and shall not pass local or special laws 'in all other cases where a general law can be made applicable'."

Conceding that the portion of said section 19a providing for a different punishment in counties where a penal farm is established is repugnant to the Constitution, on the ground that it is neither general in nature nor uniform in operation, and in addition is conditional and indefinite, and creates a different punishment for the same offense, it is apparent that the first sentence of said section 19a is severable from the second portion, and that the second portion is not involved so far as county jail imprisonment is concerned, for the reason that the appellant was not committed under the invalid portion of said act. The plain unambiguous language and meaning of the first sentence is not affected by the invalidity which inheres in the second portion.

The first portion of section 19a, which provides that "in no case shall any person sentenced to confinement in a county or city jail on conviction of a misdemeanor, or as a condition of probation, *or for any reason,* be committed for a period in excess of one year", forms a complete and perfect

statute limiting the period of imprisonment on conviction of misdemeanor crimes. Then follows a scheme or plan as to commitments to penal farms for long-term misdemeanants in such counties as have established said farms. The attorney-general admits that there is no such institution in any county of the state of which he has official knowledge. We have no judicial knowledge, or any knowledge, of the establishment of any such institution by the state or any county of the state.

There is no force in the contention that the legislature would not have given its sanction to that part of section 19a which definitely fixes the maximum prison term in all misdemeanor cases but for the adoption of the portion of the statute which establishes the penal farm plan. (*People* v. *Phair*, 137 Cal. App. 612 [31 Pac. (2d) 421]; *In re Phair*, 2 Cal. App. (2d) 669 [38 Pac. (2d) 826].) This is made certain by the language of the section. The statute is general in scope. Prior to the amendment the maximum term of imprisonment was but six months. This statute is superseded by the comprehensive and explicit language of the amending law.

It will be noted that both the title and the body of the amended act make it clear beyond question that the concededly invalid portion of said section 19a is denominated an "added new section" and is separable matter. The purpose of the amendment was to increase the maximum term, but in *no case* was the imprisonment in the county jail to exceed the period of one year. Said section is a valid amendment of the section as it formerly stood as to the maximum term of imprisonment which may be imposed for the commission of a common misdemeanor. It agrees with the maximum period prescribed for imprisonment in a county jail for an attempt to commit rape (sec. 264, Pen. Code), assault with a deadly weapon (sec. 245, Pen. Code), and numerous other offenses which are punishable by imprisonment in a county jail.

It will be noted that penal farms, if and when established, form no part of a county jail. The subjects dealt with in the single statute are clearly distinct and separable. Neither forms a necessary part of the other. The first portion of the statute deals with the maximum term of imprisonment in the county jail on conviction of misdemeanors. The

latter portion of said statute attempts to authorize the confinement of persons convicted of misdemeanors, in the discretion of the court, to a penal farm (possibly by reason of the overcrowded condition of county jails or for disciplinarian or reformatory reasons), which term may exceed the term prescribed for imprisonment in a county jail for a like misdemeanor. So much of the statute as prescribes the confinement in or on a penal farm is attacked as being unconstitutional, and it is urged that if one section of a penal act is unconstitutional, the entire statute must be treated as invalid and noneffective.

The rule of construction as to statutes invalid in part is thus stated in 5 California Jurisprudence, pages 643 and 644, supported by a long list of authorities:

"It is a general rule supported by an unbroken line of decisions that a provision in or a part of an act may be unconstitutional and beyond the power of the legislature to enact, and still the whole act may not be void. The accepted doctrine in such case is that the constitutional portions of the statute may stand alone and remain in force if they can be separated from the portions which are void. The unconstitutional provisions will not vitiate the whole act, unless they enter so entirely into the scope and design of the law, that it would be impossible to maintain it without such obnoxious provisions. . . . As has been pointed out in a previous section of this article, the court will not consider the asserted unconstitutionality of portions of an act which do not affect the rights of the party raising the question, in case such portions, if unconstitutional, would fall without affecting the validity of the remainder of the statute. . . .

"Where only part of a statute is invalid for any reason, in order to render the whole statute void for the same reason, all of the parts thereof must be so interdependent as that no one part may be eliminated without destroying the force of the whole statute; but where a statute is valid in one part, and invalid in another, the former part, if not dependent in any measure upon the latter, and can, without the latter, accomplish one or all the material purposes of the act, will be sustained, and that which is void will be eliminated and disregarded."

We can perceive of no reason why the portion of the act which is unquestionably workable and complete in itself should be rendered invalid by the tacking on of the penal farm provisions, which are as far aside from the limitation placed on county jail imprisonment as if the two subjects were treated in entirely different acts or statutes.

The judgment is reversed, with directions to the court from which the appeal originated to enter a judgment against the appellant not in excess of the term of imprisonment prescribed by section 19a, Penal Code, as of the day on which said judgment was pronounced, giving due credit for such time as appellant may have served, if any, under the judgment from which this appeal is taken. The attempted appeal from the "sentence" is dismissed.

The cause is remanded to the court in which it originated for such further proceedings as are consistent with the directions herein set forth.

It is so ordered.

Curtis, J., Waste, C. J., Shenk, J., Langdon, J., and Edmonds, J., concurred.

Houser J., dissented.