146 Cal.App.2d Supp. 904 (1956)
THE PEOPLE, Respondent,
v.
DONALD L. CLARKE, Appellant.
California Court of Appeals. 
Nov. 29, 1956.
 Irmas, Rutter & Halper for Appellant.
 Roger Arnebergh, City Attorney (Los Angeles), Donald M. Redwine, Assistant City Attorney, Philip E. Grey and Walter C. Foster, Deputy City Attorneys, for Respondent.
 Before Bishop, P. J., Patrosso, J., and Swain, J.
 THE COURT.
 About once out of every 50 cases, we wish we had the power to certify the appeal to a higher court. This is one of those cases. However, we have no power to certify, and so discharge our responsibility to decide.
 [1] In the first place, the appeal is "from that certain order made and entered by the court in this action on the 10th day of May, 1956, sentencing defendant to two years in the county jail." In spite of the long and growing list of cases dismissing appeals from sentences (see key number 1023(10) of "Criminal Law," West's Cal. Digest) broken only by People v. Lopez (1941), 43 Cal.App.2d Supp. 854, 867 [110 P.2d 140, 147]; and People v. Tokich (1954), 128 Cal.App.2d 515, 519 [275 P.2d 816, 818]; fortified by the latter, we consider that the defendant has appealed from the judgment of conviction.
 [2] The judgment (sentence) imposed was two years in the county jail, as expressly authorized by section 270, Penal Code. By virtue of section 19a, added to the Penal Code in 1933, the provision of section 270 was "repealed" or "modified" (People v. Phair (1934), 137 Cal.App. 612, 614-615 [31 P.2d 421, 422- 423]); "amended" (People v. Lewis (1939), 13 Cal.2d 280, 283 [89 P.2d 388, 389-390]); or repealed (In re Chiapetto (1949), 93 Cal.App.2d 497, 499 [209 P.2d 154, [146 Cal.App.2d Supp. 906] 155-156]); so that it no longer controlled. It might well be argued, then, that when section 270 was reenacted in 1939 (and again in 1955) as article IV, section 24 of the Constitution requires, if an amendment is to be made, its inclusion of a provision for a two-year sentence was a restoration of that provision, which had been effectively, although not expressly, deleted since 1933, and not a continuation of the provision that had ceased to be. We consider that we are precluded from following where this argument leads, however, by the case last cited, which holds that section 19a controls, even though a statute providing for two years' imprisonment had been amended since 19a was adopted. It follows that the judgment imposed was excessive, and must for that reason be reversed.
 We are asked to reverse it generally, and not with directions, on a number of grounds. We find none of them to warrant a reversal. [3] In addition to the grounds advanced by the appellant we have considered the trial court's failure to give two instructions of its own initiative. One, would be to advise the jury that the defendant was under no duty to provide food, clothing, etc., for the unborn child if he honestly, with reason, believed it not to be his. The other would be the cautionary instruction found essential in People v. Putnam (1942), 20 Cal.2d 885, 888, 892 [129 P.2d 367, 368, 370]. Whatever conclusion we would ultimately have reached respecting the propriety of these instructions in this case, the conviction governs that had they been given, the result would have been the same. To be sure the complaining witness testified that the defendant was the father of her unborn child and the defendant denied having committed any act that made her accusation possible. But this was not a simple case of charge and denial. In addition there were cards, admittedly signed by the defendant, registering Mr. and Mrs. D. Clarke at motels where the prosecuting witness testified they spent the night, and visits to three doctors admittedly made by the defendant in company with the complaining witness, and admissions on his part contrary to his present protestations of innocence. We are of the opinion that it is quite improbable that had the jurors been advised to view with caution the charge of the complaining witness, or been told that the defendant had no obligation to take care of a child he honestly believed not to be his, that they would have been persuaded to find the defendant not guilty. [146 Cal.App.2d Supp. 907]
 The judgment is reversed with instructions to rearraign the defendant for judgment.
 SWAIN, J.
 I concur and dissent. I concur in that part of the opinion which holds that one year is the maximum jail sentence which may be imposed for violating Penal Code, section 270, but there are other errors for which the judgment should be reversed and a new trial had.
 There is no merit to appellant's claim that he cannot be prosecuted criminally for failing to provide for an illegitimate child until it had been established by a civil action that he is its father. The law on that point, adverse to appellant's claim, was established in People v. Stanley (1917), 33 Cal.App. 624 [166 P. 596], and People v. Hamil (1925), 73 Cal.App. 649 [238 P. 1075]. This claim, however, is closely related to a valid principle of criminal law, the disregard of which by the trial court was error.
 The court should have instructed the jury that if the defendant had reasonable grounds for believing and did in good faith believe that he was not the father of the unborn, illegitimate child of the complaining witness, he was not guilty of willfully failing to provide for it. Penal Code, section 20 provides: "In every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence." Penal Code, section 26 provides: "All persons are capable of committing crimes except those belonging to the following classes: ... Four. Persons who committed the act or made the omission charged under an ignorance or mistake of fact, which disproves any criminal intent." (Emphasis added.) In People v. Swiggy (1924), 69 Cal.App. 574 [232 P. 174], the court said (pp. 580-581): "The word 'willfully,' as used in section 270, means a deliberate intention or a set purpose to omit to perform the natural duty which the section declares that an omission to perform shall be penalized. The word, when used in criminal statutes, has been said to be a stronger word than the word 'intentionally' insofar as the word may expose the intention or purpose in the mind of the defendant, and that 'it means governed by the will; obstinate; perverse.' "
 It is to be noted that Penal Code, section 26, subdivision 4, treats ignorance of fact and mistake of fact alike. Both were good defenses at common law. (See 22 Harv.L.Rev. 75.) [146 Cal.App.2d Supp. 908] Although no cases have directly considered the effect of a mistake of fact under section 270, several cases have recognized that ignorance of fact is a good defense under this section.
 1. Ignorance of the fact that the child is in need is a defense under section 270. (People v. Swiggy (1924), 69 Cal.App. 574, 584 [232 P. 174]; People v. Meads (1915), 28 Cal.App. 140 [151 P. 552].)
 2. Ignorance of the whereabouts of his family is a defense because it rebuts willfullness. (People v. Wallach (1923), 62 Cal.App. 385 [217 P. 81].)
 3. Ignorance of the fact that a child has been born is a defense. (People v. Freitas (1939), 34 Cal.App.2d 684 [94 P.2d 397].)
 Mistake of fact has been recognized as a good defense to prosecutions under other statutes.
 1. Under a federal statute making it a misdemeanor to fail to supply certain information willfully, it was held that "... Congress did not intend that a person by reason of a bona fide misunderstanding as to his liability for the tax, as to his duty to make a return, or as to the adequacy of the records he maintained, should become a criminal by his mere failure to measure up to the prescribed standard of conduct. And the requirement that the omission in these instances, must be willful, to be criminal, is persuasive that the same element is essential to the offense of failing to supply information." (United States v. Murdock (1933), 290 U.S. 389 [54 S.Ct. 223, 78 L.Ed. 381].)
 2. In Matter of Ahart (1916), 172 Cal. 762 [159 P. 160], defendant was charged with willfully transporting liquor to an unauthorized place in the city of Covina, contrary to the terms of a local ordinance. The court followed the leading English case of Regina v. Tolson, and held that a good faith and honest mistake of fact would be a defense under this ordinance.
 3. In re Trombley (1948), 31 Cal.2d 801 [193 P.2d 734], the court held that under section 216 of the Labor Code making it a misdemeanor willfully to refuse to pay an employee under certain circumstances, a good faith dispute as to whether wages are due is a defense because such dispute tends to rebut willfullness.
 In cases of robbery (People v. Sheasbey (1927), 82 Cal.App. 459 [255 P. 836]) and larceny (People v. Hoagland (1903), 138 Cal. 338 [71 P. 359]) it is a defense that the [146 Cal.App.2d Supp. 909] defendant took the property in mistaken but good faith belief that the property was his own.
 In the recent case of People v. Vogel (1956), 46 Cal.2d 798 [299 P.2d 850], which deals with bigamy, Justice Traynor held that "... the prosecution makes a prima facie case upon proof that the second marriage was entered into while the first spouse was still living (see People v. Priestly, 17 Cal.App. 171, 173-174 [118 P. 965]; People v. Huntley, 93 Cal.App. 504, 506 [269 P. 750]), and his bona fide and reasonable belief that facts existed that left the defendant free to remarry is a defense to be proved by the defendant."
 It is true that Penal Code, section 270e, provides: "Proof of the ... omission to furnish necessary food, clothing, shelter, or of medical attendance for a child or children is prima facie evidence that such ... nonsupport or omission to furnish necessary food, clothing, shelter or medical attendance is wilful." This does not negative the defense of denial of paternity in good faith, it merely casts upon the defendant the burden of proving that defense by evidence sufficient to raise a reasonable doubt of his guilt.
 It is true that the defendant did not request an instruction which embodies the principles just discussed but the point is so basic and of such importance, where the defendant claims that he is not the father, that it is the duty of the court to give, on its own motion, instructions on that defense. In People v. Putnam (1942), 20 Cal.2d 885, the court said at page 890 [129 P.2d 367]: "It is incumbent upon a court in a criminal case to instruct the jury of its own motion, charging them fully and fairly upon the law relating to the facts of the case. [Citing cases.] The court is not relieved of the duty to give instructions whose necessity is 'developed through the evidence introduced at the trial.' An instruction is necessary if it is vital to a proper consideration of the evidence by the jury."
 This being a case which involved sex relations and the evidence being conflicting, the court also erred in failing to give, on its own motion, the cautionary instruction that the charge that the defendant was the father of the unborn child was easy to make and difficult to disprove. For the law on this point as applied to rape cases, see People v. Rankins (1944), 66 Cal.App.2d 956 [153 P.2d 399]. I would reverse the judgment.