THE COURT.
About once out of every 50 eases, we wish we had the power to certify the appeal to a higher court. This is one of those cases. However, we have no power to certify, and so discharge our responsibility to decide.
In the first place, the appeal is “from that certain order made and entered by the court in this action on the 10th day of May, 1956, sentencing defendant to two years in the county jail.” In spite of the long and growing list of cases dismissing appeals from sentences (see key number 1023(10) of “Criminal Law,” West’s Cal. Digest) broken only by People v. Lopez (1941), 43 Cal.App.2d Supp. 854, 867 [110 P.2d 140, 147]; and People v. Tokich (1954), 128 Cal.App.2d 515, 519 [275 P.2d 816, 818] ; fortified by the latter, we consider that the defendant has appealed from the judgment of conviction.
The judgment (sentence) imposed was two years in the county jail, as expressly authorized by section 270, Penal Code. By virtue of section 19a, added to the Penal Code in 1933, the provision of section 270 was “repealed” or “modified” (People v. Phair (1934), 137 Cal.App. 612, 614-615 [31 P.2d421,422-423]) ; “amended” (People v. Lewis (1939), 13 Cal.2d 280, 283 [89 P.2d 388, 389-390]); or repealed (In re Chiapetto (1949), 93 Cal.App.2d 497, 499 [209 P.2d 154, *Supp. 906 155-156]); so that it no longer controlled. It might well be argued, then, that when section 270 was reenacted in 1939 (and again in 1955) as article IV, section 24 of the Constitution requires, if an amendment is to be made, its inclusion of a provision for a two-year sentence was a restoration of that provision, which had been effectively, although not expressly, deleted since 1933, and not a continuation of the provision that had ceased to be. We consider that we are precluded from following where this argument leads, however, by the case last cited, which holds that section 19a controls, even though a statute providing for two years’ imprisonment had been amended since 19a was adopted. It follows that the judgment imposed was excessive, and must for that reason be reversed.
We are asked to reverse it generally, and not with directions, on a number of grounds. We find none of them to warrant a reversal. In addition to the grounds advanced by the appellant we have considered the trial court’s failure to give two instructions of its own initiative. One, would be to advise the jury that the defendant was under no duty to provide food, clothing, etc., for the unborn child if he honestly, with reason, believed it not to be his. The other would be the cautionary instruction found essential in People v. Putnam (1942), 20 Cal.2d 885, 888, 892 [129 P.2d 367, 368, 370], Whatever conclusion we would ultimately have reached respecting the propriety of these instructions in this case, the conviction governs that had they been given, the result would have been the same. To be sure the complaining witness testified that the defendant was the father of her unborn child and the defendant denied having committed any act that made her accusation possible. But this was not a simple case of charge and denial. In addition there were cards, admittedly signed by the defendant, registering Mr. and Mrs. D. Clarke at motels where the prosecuting witness testified they spent the night, and visits to three doctors admittedly made by the defendant in company with the complaining witness, and admissions on his part contrary to his present protestations of innocence. We are of the opinion that it is quite improbable that had the jurors been advised to view with caution the charge of the complaining witness, or been told that the defendant had no obligation to take care of a child he honestly believed not to be his, that they would have been persuaded to find the defendant not guilty.
*Supp. 907 The judgment is reversed with instructions to rearraign the defendant for judgment.