SWAIN, J.
I concur and dissent. I concur in that part of the opinion which holds that one year is the maximum jail sentence which may be imposed for violating Penal Code, section 270, but there are other errors for which the judgment should be reversed and a new trial had.
There is no merit to appellant’s claim that he cannot be prosecuted criminally for failing to provide for an illegitimate child until it had been established by a civil action that he is its father. The law on that point, adverse to appellant’s claim, was established in People v. Stanley (1917), 33 Cal.App 624 [166 P. 596], and People v. Hamil (1925), 73 Cal.App. 649 [238 P. 1075], This claim, however, is closely related to a valid principle of criminal law, the disregard of which by the trial court was error.
The court should have instructed the jury that if the defendant had reasonable grounds for believing and did in good faith believe that he was not the father of the unborn, illegitimate child of the complaining witness, he was not guilty of willfully failing to provide for it. Penal Code, section 20 provides: “In every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence.” Penal Code, section 26 provides: “All persons are capable of committing crimes except those belonging to the following classes: . . . Four. Persons who committed the act or made the omission charged under an ignorance or mistake of fact, which disproves any criminal intent.” (Emphasis added.) In People v. Swiggy (1924), 69 Cal.App. 574 [232 P. 174], the court said (pp. 580-581) : “The word ‘willfully,’ as used in section 270, means a deliberate intention or a set purpose to omit to perform the natural duty which the section declares that an omission to perform shall be penalized. The word, when used in criminal statutes, has been said to be a stronger word than the word ‘intentionally’ insofar as the word may expose the intention or purpose in the mind of the defendant, and that ‘it means governed by the will; obstinate; perverse.’ ”
It is to be noted that Penal Code, section 26, subdivision 4, treats ignorance of fact and mistake of fact alike. Both were good defenses at common law. (See 22 Harv.L.Rev. 75.) *Supp. 908 Although no eases have directly considered the effect of a mistake of fact under section 270, several cases have recognized that ignorance of fact is a good defense under this section. ,
1. Ignorance of the fact that the child is in need is a defense under section 270. (People v. Swiggy (1924), 69 Cal.App. 574, 584 [232 P. 174] ; People v. Meads (1915), 28 Cal.App. 140 [151 P. 552].)
2. Ignorance of the whereabouts of his family is a defense because it rebuts willfullness. (People v. Wallach (1923), 62 Cal.App. 385 [217 P. 81].)
3. Ignorance of the fact that a child has been born is a defense. (People v. Freitas (1939), 34 Cal.App.2d 684 [94 P.2d 397].)
Mistake of fact has been recognized as a good defense to prosecutions under other statutes.
1. Under a federal statute making it a misdemeanor to fail to supply certain information willfully, it was held that . . Congress did not intend that a person by reason of a bona fide misunderstanding as to his liability for the tax, as to his duty to make a return, or as to the adequacy of the records he maintained, should become a criminal by his mere failure to measure up to the prescribed standard of conduct. And the requirement that the omission in these instances, must be willful, to be criminal, is persuasive that the same element is essential to the offense of failing to supply information.” (United States v. Murdock (1933), 290 U.S. 389 [54 S.Ct. 223, 78 L.Ed. 381].)
2. In Matter of Ahart (1916), 172 Cal. 762 [159 P. 160], defendant was charged with willfully transporting liquor to an unauthorized place in the city of Covina, contrary to the terms of a local ordinance. The court followed the leading English case of Regina v. Tolson, and held that a good faith and honest mistake of fact would be a defense under this ordinance.
3. In re Trombley (1948), 31 Cal.2d 801 [193 P.2d 734], the court held that under section 216 of the Labor Code making it a misdemeanor willfully to refuse to pay an employee under certain circumstances, a good faith dispute as to whether wages are due is a defense because such dispute tends to rebut willfullness.
In cases of robbery (People v. Sheasbey (1927), 82 Cal.App. 459 [255 P. 836]) and larceny (People v. Hoagland (1903), 138 Cal. 338 [71 P. 359]) it is a defense that the *Supp. 909 defendant took the property in mistaken but good faith belief that the property was his own.
In the recent case of People v. Vogel (1956), 46 Cal.2d 798 [299 P.2d 850], which deals with bigamy, Justice Traynor held that “. . . the prosecution makes a prima facie case upon proof that the second marriage was entered into while the first spouse was still living (see People v. Priestly, 17 Cal.App, 171, 173-174 [118 P. 965] ; People v. Huntley, 93 Cal.App. 504, 506 [269 P. 750]), and his bona fide and reasonable belief that facts existed that left the defendant free to remarry is a defense to be proved by the defendant.”
It is true that Penal Code, section 270e, provides: “Proof of the . . . omission to furnish necessary food, clothing, shelter, or of medical attendance for a child or children is prima facie evidence that such . . . nonsupport or omission to furnish necessary food, clothing, shelter or medical attendance is wilful.” This does not negative the defense of denial of paternity in good faith, it merely casts upon the defendant the burden of proving that defense by evidence sufficient to raise a reasonable doubt of his guilt.
It is true that the defendant did not request an instruction which embodies the principles just discussed but the point is so basic and of such importance, where the defendant claims that he is not the father, that it is the duty of the court to give, on its own motion, instructions on that defense. In People v. Putnam (1942), 20 Cal.2d 885, the court said at page 890 [129 P.2d 367] : “It is incumbent upon a court in a criminal case to instruct the jury of its own motion, charging them fully and fairly upon the law relating to the facts of the case. [Citing cases.] The court is not relieved of the duty to give instructions whose necessity is ‘developed through the evidence introduced at the trial. ’ An instruction is necessary if it is vital to a proper consideration of the evidence by the jury.”
This being a ease which involved sex relations and the evidence being conflicting, the court also erred in failing to give, on its own motion, the cautionary instruction that the charge that the defendant was the father of the unborn child was easy to make and difficult to disprove. For the law on this point as applied to rape eases, see People v. Rankins (1944), 66 Cal.App.2d 956 [153 P.2d 399]. I would reverse the judgment.