Filed 4/16/13  P. v. Salinas CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038428 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS111919) |
| v. | |
| CARLOS JOSE SALINAS, | |
| Defendant and Appellant. | |

Defendant Carlos Jose Salinas pleaded guilty to evading an officer, driving with a suspended license, and drinking an alcoholic beverage while driving.  The trial court placed him on formal probation for three years with conditions.  The probation officer thereafter filed a petition to modify the conditions of probation to include abstaining from the use or possession of alcoholic beverages.  The trial court granted the request.  On appeal, defendant contends that the trial court erred by modifying his probation conditions without evidence of a change in circumstances.  We disagree.  Defendant alternatively contends that the first and second modified conditions are unconstitutionally vague and overbroad because they do not contain a "knowledge" requirement.  The People concede this issue, and we agree that the concession is appropriate.  We therefore modify and affirm the probation order.

### BACKGROUND

The trial court placed defendant on probation on August 26, 2010.  On October 17, 2011, the case was transferred from Santa Cruz County to Monterey County.  On March

23, 2012, the Monterey County Probation Department (MCPD) filed a petition to modify the terms of defendant's probation conditions after discovering that, at the time defendant was placed on probation, the trial court had not included any alcohol, drug, or search conditions. It was standard practice of the MCPD to recommend such conditions when the underlying crime was alcohol related.

At the hearing on the modification motion, defense counsel objected to the modification on the basis that defendant had been on probation for one year and eight months without any probation violations, had no new offenses, and was working full time. The probation officer opined that the crime was alcohol related and that "I can't predict what his behavior is going to be. And we need to have the additional conditions so we can properly supervise him."

The trial court found the following: "I do find that the requested conditions are related to the original charges in this case 2800.2. [¶] The defendant had alcohol with him at the time. He had consumed alcohol at the time of the offense. It may have reduced his inhibitions such that it caused him to act the way in which he did. If he had not consumed alcohol at the time or had an open container he may not have been present on these charges. [¶] Motion to add additional conditions is granted."

The following conditions were added to defendant's probation: "You're to abstain from the use [of] alcoholic beverages. You're not to purchase or possess alcoholic beverages. Stay out of places you know alcohol to be the main item of sale. [¶] You're not to use or possess alcohol, narcotics, intoxicants, drugs or other controlled substances without the prescription of a physician. [¶] You're not to traffic in or associate with persons known to you to use or traffic in narcotics or other controlled substances. [¶] You're to submit to alcohol or narcotic field sobriety tests when requested by any probation or peace officer. [¶] You're to permit the search of your person, your car,

2

personal effects, or place of residence, night or day, without the necessity of a search warrant at the direction of any probation or peace officer."

PROBATION MODIFICATION

"A court may revoke or modify a term of probation at any time before the expiration of that term." (*People v. Cookson* (1991) 54 Cal.3d 1091, 1095; Pen. Code, § 1203.3, subd. (a).) Any modification is within the trial court's discretion. (*In re Tantlinger* (1935) 8 Cal.App.2d 157, 159.) "Probation is an act of clemency and may be withdrawn if the privilege is abused. . . . In such case the court is specifically authorized to modify and change any and all of the terms and conditions of probation." (*In re Bine* (1957) 47 Cal.2d 814, 817.) However, a change in circumstances is required before a court has jurisdiction to extend or otherwise modify probation, and an order modifying the terms of probation based upon the same facts as the original order granting probation is in excess of jurisdiction of the court, for the reason that there is no factual basis for it. (*People v. Cookson*, *supra*, at p. 1095; *In re Clark* (1959) 51 Cal.2d 838, 840; *In re Bine*, *supra*, at p. 818.) A change in circumstances equates to a "fact" " 'not available at the time of the original order.' " (*People v. Cookson*, *supra*, at p. 1095.)

The defendant contends that the trial court did not have jurisdiction to add conditions of probation because there was no change in circumstances. We disagree.

In *Cookson*, the California Supreme court found a change of circumstances warranting modification of probation conditions when the conditions imposed an incorrect monthly restitution calculation. (*People v. Cookson*, *supra*, 54 Cal.3d at p. 1094.) *Cookson* held that although the defendant had fully complied with conditions of probation and the miscalculation of monthly payments was the fault of the probation officer, defendant's inability to pay amounted to a change of circumstances. (*Id.* at p. 1095.)

3

We find *Cookson* dispositive. Here, though defendant had complied with conditions of probation, the transfer of the case from Santa Cruz County to Monterey County constituted a fact not available at the time of the original order. Defendant's probation was now overseen by a new probation officer and court, with differing standards of practice. It was standard policy of MCPD to recommend alcohol, drug, or search conditions for probationers whose underlying crime is alcohol related. Thus, the trial court had jurisdiction to modify the conditions of probation.

<u>KNOWLEDGE REQUIREMENT FOR CONDITIONS NO. 1 AND NO. 2</u>

The obvious jurisprudential trend is toward requiring that a term or condition of probation explicitly require knowledge on the part of the probationer that he is in violation of the term in order for it to withstand a challenge for unconstitutional vagueness. "[P]robation conditions that implicate constitutional rights must be narrowly drawn" and the knowledge requirement in these circumstances "should not be left to implication." (*People v. Garcia* (1993) 19 Cal.App.4th 97, 102.)

Defendant contends that the newly added first and second conditions of probation are unconstitutionally vague and overbroad. Defendant points out that newly added condition No. 1 (abstaining from the use, purchase, or possession of alcoholic beverages and staying out of places where alcohol is for sale) and newly added condition No. 2 (abstaining from the use or possession or trafficking of alcohol, narcotics, intoxicants, drugs, or other controlled substances without prescription and not associating with people known to be using or trafficking in narcotics or controlled substances) do not contain a knowledge requirement.

The People concede this issue and we agree that the concession is appropriate.

Defendant also complains that newly added probation condition No. 2 is additionally vague and overbroad because it does not adequately define the term

4

"intoxicants."  According to defendant, he could be held in violation of probation by possessing legal substances such as glue or gasoline.

Defendant's apprehension that he will be forced to violate probation from such innocent activities is unwarranted.  The language of a condition must be read in context of the situation and is not vague or overbroad " 'if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources.' "  (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1117.)  Here, the condition places "intoxicants" together with "other controlled substances."  The condition, as reasonably and practically construed, limits the use and possession of illegal intoxicants.

DISPOSITION

Newly added probation condition No. 1 is modified as follows:  "The defendant shall abstain from the use of alcoholic beverages; shall not knowingly purchase or possess alcoholic beverages; and shall stay out of places the defendant knows alcohol to be the main item of sale."  Newly added probation condition No. 2 is modified as follows:  "Defendant shall not knowingly use or possess alcohol, narcotics, intoxicants, drugs, or other controlled substances without the prescription of a physician; defendant shall not traffic in or associate with persons he knows, or has reason to suspect, use or traffic in narcotics or other controlled substances."  As so modified, the order for modification of the sentence is affirmed.

_____
                        Premo, J.

WE CONCUR:


_____
         Rushing, P.J.


_____
         Elia, J.


6